931 F.2d 59
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Peter Wayne FROST, Plaintiff-Appellant,
v.
Frank J. CADENA, Defendant-Appellee.
 No. 90-15728.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1990.*
Decided April 23, 1991.
 Before BRUNETTI, FERNANDEZ and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 At the time of the incidents which underlie this litigation, appellant Peter Frost (Frost) was an inmate at the Federal Correctional Institution in Pleasanton, California. Frank Cadena (Cadena) was a corrections official at that institution. Frost was meeting with his attorney and another person in the lobby area of the administration building preparatory to going before the Parole Board for a review of Frost's eligibility for parole. Frost's attorney carried with him materials for the parole hearing including Frost's art work and personal mail. When Frost's attorney attempted to deliver the material to Frost, Cadena intervened, examined the materials and confiscated the items.
 
 
 3
 The record in the case is confusing and overlapping. However, it appears that three separate actions resulted from the above incident, which are best described separately.
 
 FROST I
 
 4
 Cadena filed disciplinary charges against Frost arising from the transfer of the material from Frost's attorney to Frost. Apparently Frost pursued his administrative remedies pursuant to Bureau of Prisons Regulations found at 28 C.F.R. Secs. 542.10 through 542.16 and was ultimately exonerated of Cadena's charges.
 
 FROST II
 
 5
 Frost filed an administrative complaint pursuant to the Bureau of Prisons' regulations, asserting that Cadena had threatened and harassed him and asking for Cadena's ouster. The warden denied Frost's request for administrative remedy, which Frost appealed to the Regional Director, who denied Frost any relief. Frost did not take the final step in the administrative process by appealing to the General Counsel of the Bureau.
 
 FROST III
 
 6
 Frost filed a small claims action against Cadena personally, seeking $1,000 compensatory damages for the incident described above, plus other conduct of Cadena. The action was filed in the small claims division of the local state court. The United States removed the action to the United States District Court pursuant to the Federal Tort Claims Act. 28 U.S.C. Sec. 2679.
 
 DISCUSSION
 
 7
 During the pendency of these actions, Frost was notified of his pending transfer to a Bureau facility in Colorado, as part of a conversion of the Pleasanton facility to an all women prison. Frost filed a motion for a temporary restraining order and a "Writ of Habeas Corpus Ad Prosequendum" which sought either to retain him at Pleasanton or return him to Pleasanton. He later filed other documents, including a "Request for Judicial Notice, Summary Judgment of a Writ of Habeas Corpus and Correction." The district court denied the temporary restraining order. It viewed the later filings by Frost as a condition of confinement claim and determined that venue would be in Colorado. These actions of the district court were correct and are affirmed.
 
 
 8
 The district court dismissed Frost's removed claim for lack of jurisdiction, stating that the failure of Frost to appeal under the Bureau of Prisons' regulations constituted a failure to exhaust administrative remedies.
 
 
 9
 However, where the administrative remedy is not statutorily prescribed, it is within the district court's discretion whether or not exhaustion should be required. See Stauffer Chemical Co. v. Food and Drug Administration, 670 F.2d 106 (9th Cir.1982). The administrative remedy here is not statutorily prescribed. In fact, the Bureau of Prisons' regulations specifically except tort claims from their purview. 28 C.F.R. Sec. 542.12. The administrative claim which Frost did not pursue to completion was one wherein he sought Cadena's discharge. Based on our view of the record, it is difficult to see how that particular administrative process could be a prerequisite to a separate suit for damages against Cadena. We acknowledge that the district court may well interpret Frost's filings differently than we do, and it is in a position to develop the record if necessary.
 
 
 10
 Since the administrative remedy is not statutorily prescribed, the district court erred, as a matter of law, when it concluded that it lacked jurisdiction for Frost's failure to exhaust. Application of the exhaustion requirement is discretionary with the district court, and the district court must first exercise its discretion before we may review it on appeal. Thus, we reverse the court's decision that it lacked subject matter jurisdiction for Frost's failure to exhaust administrative procedures.
 
 
 11
 As guidance to the trial court on remand, we note that the suit against Cadena was, in effect, one against the United States. The government perceives this case as arising under the FTCA. If this view of the case is correct, then Frost may have failed to file an administrative claim against the United States as required by the FTCA. 28 U.S.C. Sec. 2675. However, the record was not sufficiently developed to permit our analysis of that question.
 
 
 12
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3