# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2664

_____

Armandi Hoxha,                               *
                                             *
              Petitioner,                    *
                                             *  Petition for Review of an
      v.                                     *  Order of the Board of
                                             *  Immigration Appeals.
Alberto Gonzales,[1] Attorney General        *
of the United States,                        *
                                             *
              Respondent.                     *

_____

Submitted:  October 14, 2005
    Filed:  January 6, 2006

_____

Before RILEY, JOHN R. GIBSON, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

        Armandi Hoxha (Hoxha), a native and citizen of Albania, petitions for review
of a final order of removal of the Board of Immigration Appeals (BIA) affirming,
without opinion, the immigration judge's (IJ) decision denying Hoxha's application
for asylum, withholding of removal, and relief under the Convention Against Torture
(CAT).  Hoxha contends the BIA erred in summarily affirming the IJ's decision

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto Gonzales
is substituted for his predecessor, John Ashcroft.

without a written opinion, and the IJ erred in finding Hoxha not credible. We deny Hoxha's petition.

Hoxha's challenge to the BIA's affirmance without opinion of the IJ's decision is foreclosed by our decision in Ngure v. Ashcroft, 367 F.3d 975, 983 (8th Cir. 2004), which held the BIA's decision to affirm without opinion is "not subject to judicial review."

When the BIA summarily affirms an IJ's decision, we review the IJ's decision as the final agency determination. Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir. 2005). "It is well settled that an immigration judge is in the best position to make credibility findings because he [or she] sees the witness as the testimony is given." Id. (citation and internal quotation omitted). Thus, we defer to an immigration judge's finding regarding a petitioner's credibility if that finding is supported by specific, cogent reasons. Id.

Substantial evidence in the record as a whole supports the denial of asylum. The IJ explained that although Hoxha testified he participated in five political demonstrations in Albania, Hoxha failed, after a lengthy time to gather corroborative evidence, to present any evidence such demonstrations ever occurred. Corroborative evidence is not required to support an asylum application; however, when corroborative evidence should be readily accessible to the alien, the failure to present such evidence is a reasoned factor for an IJ to consider in assessing the alien's credibility. The IJ further noted that while Hoxha testified the demonstrations took place to promote elections, there were no direct presidential elections in Albania, and there was no possibility of holding other elections at the relevant times. Additionally, the IJ found implausible Hoxha's testimony that following his arrest in March 2001, Albanian police forced him to sign an agreement not to engage in more demonstrations or he would be killed. The IJ disbelieved this portion of Hoxha's testimony because (1) Hoxha's political party was "a mass movement" and not "small

or limited"; (2) Hoxha was not a leader; and (3) the 2001 State Department report on Albania reported no politically motivated killings or disappearances and "no confirmed cases of detainees being held for political purposes." Hoxha also presented testimony from his fiance's mother that created an inconsistency regarding whether Hoxha suffered beatings at the time. Because the IJ made adverse credibility findings based on specific, cogent reasons, we conclude substantial evidence supports the IJ's determination Hoxha is not eligible for asylum. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (deferring to the IJ's credibility finding because such finding was supported by specific, cogent reasons for disbelief, and holding the IJ properly requested corroborating evidence because the asylum applicant's credibility was in question).

We further conclude substantial evidence supports the denial of CAT relief and withholding of removal. See Esaka v. Ashcroft, 397 F.3d 1105, 1111 (8th Cir. 2005) (explaining we review the denial of CAT relief to determine whether the evidence was so compelling a reasonable factfinder must have found applicant entitled to relief); Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (holding withholding-of-removal standard is more rigorous than asylum standard).

Consequently, we deny Hoxha's petition for judicial review.

_____