# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2158

_____

Candelaria Dominguez-Capistran,    *
                                 *

         Petitioner,          *

                                 *    Appeal from the Board of
     v.                       *    Immigration Appeals.
                                 *

Alberto Gonzales, Attorney General of    *
the United States,                 *

                                 *

         Respondent.        *

_____

Submitted: February 16, 2005
Filed: February 23, 2006

_____

Before BYE, HEANEY, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Candelaria Dominguez-Capistran petitions for review of the Board of Immigration Appeal's (BIA) dismissal of her motion to reopen and rescind the in absentia order of removal entered against her when she failed to appear at her scheduled cancellation of removal hearing. We affirm.

Dominguez-Capistran, a citizen of Mexico and single mother of four children, all of whom are United States citizens, entered the United States without inspection in 1988. In 1999, she was charged as an alien present in the United States without having been admitted or paroled after inspection. See 8 U.S.C.§ 1182(a)(6)(A)(i). At

a master calendar hearing on October 10, 2001, she conceded the charge of removability. On December 11, 2001, at another hearing, the Immigration Judge (IJ) verbally informed Dominguez-Capistran and her counsel, Herbert Igbanugo, the cancellation of removal hearing was set for January 8, 2003. The IJ provided written notice of the hearing to counsel on the same date. Neither Dominguez-Capistran nor Igbanugo appeared for the scheduled final removal hearing. Accordingly, the IJ held that removability had been established by clear and convincing evidence, in accordance with 8 U.S.C. § 1229a(c)(3)(A), and the IJ ordered Dominguez-Capistran removed in absentia to Mexico.

On April 18, 2003, Dominguez-Capistran filed a timely motion to reopen and rescind the in absentia removal order. She asserted she did not receive proper notice of the hearing date because she suffered abuse at the hand of her ex-husband, causing her mental distress during the December 2001 hearing. Additionally, she changed residences three times following the December 2001 hearing to escape her abusive husband. Although Dominguez-Capistran alerted Igbanugo of her changes in address, he did not properly record the change, and she did not receive written notice of the hearing date. Igbanugo states he asked his secretary to record the hearing date in his calendar, but she did not do so. He claims he sent a copy of the court's written notice of the scheduled January 2003 hearing to Dominguez-Capistran, but acknowledges she did not receive the notice because it was incorrectly addressed. He also assigned Dominguez-Capistran's file to a law clerk to manage, but the clerk was terminated in May 2002 and left the firm without informing Igbanugo of the status of his files. Dominguez-Capistran asserts counsel failed to return her calls when she inquired about the upcoming hearing date, and he does not deny that he did not return her phone calls.

The IJ denied Dominguez-Capistran's motion after concluding she had been properly notified of the continued hearing and failed to demonstrate exceptional

circumstances which would warrant a rescinding of the in absentia order. The BIA affirmed without opinion.

When the BIA summarily affirms the decision of the IJ, we review the IJ's decision as the final agency action. Hoxha v. Gonzales, 432 F.3d 919, 920 (8th Cir. 2006) (citation omitted). The IJ's denial of a motion to reopen is reviewed for an abuse of discretion. Fongwo v. Gonzales, 430 F.3d 944, 947 (8th Cir. 2005).

A motion to rescind an in absentia removal order may be granted "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Exceptional circumstances" are circumstances beyond control of the alien, including "serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances" which prevent the alien from appearing as ordered. 8 U.S.C. § 1229a(e)(1). A motion to rescind may also be granted "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice." 8 U.S.C. § 1229a(b)(5)(C)(ii). Written notice "shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . ." 8 U.S.C. § 1229(a)(1).

Because Igbanugo was properly served notice, Dominguez-Capistran is deemed to have been given sufficient notice of the January 2003 hearing. This is true despite Igbanugo's poor calendaring and failure to personally remind Dominguez-Capistran of her hearing date. With respect to her claim for "exceptional circumstances," Dominguez-Capistran cannot show the abuse she suffered in late 2001 was causally related to her failure to appear at the January 2003 hearing. Thus, we affirm the decision of the IJ.

-3-

Although we affirm the decision below, we are troubled by the manner in which Igbanugo has handled this case. His actions appear to have resulted in a forfeiture of Dominguez-Capistran's ability to assert her rights in front of the agency. Despite the fact Dominguez-Capistran has not asserted a claim for ineffective assistance of counsel either before the agency or this court, she may have been afforded representation of questionable quality. As in the Ninth Circuit decision in Gao-Ay v. I.N.S., 931 F.2d 59, 1991 WL 59606, at *5 (9th Cir. 1991) (table), we are "particularly troubled by the fact that petitioner's application . . . will not be reviewed on the merits due to her counsel's failure to adhere to deadlines and follow procedures."

Because our review is limited to the issues argued before the BIA, Ateka v. Ashcroft, 384 F.3d 954, 957 (8th Cir. 2004), we refrain from passing on the question of ineffective assistance of counsel. However, we believe Dominguez-Capistran should have the opportunity to bring a motion to reopen based on her counsel's performance in her case. Accordingly, we stay the order of deportation ninety days to afford Dominguez-Capistran the opportunity to file her motion to reopen.

We therefore affirm the decision of the BIA. The order of deportation shall be stayed for ninety days so Dominguez-Capistran may seek new representation and, if she chooses to do so, petition the BIA to reopen her case based on a claim of ineffective assistance of counsel.

HEANEY, Circuit Judge, concurring.

Were it consistent with the law and the Citizenship and Immigration Service regulations, I would strongly prefer to give Candelaria Dominguez-Capistran the relief she requests. As stated in our original panel opinion, I am convinced that her counsel was ineffective and there is merit to her claim for the cancellation of removal of her, so that she may remain with her four children, all of whom were born in the United States.

However, I am persuaded by the majority that this is relief we are not permitted to grant at this time. I am confident that the Citizenship and Immigration Service will carefully consider the issue of whether Dominguez-Capistran has been the victim of ineffective assistance of counsel. I have little confidence that the attorney whose ineffectiveness resulted in her missing her initial hearing, and who remains her attorney at this time, will be willing to effectively litigate her ineffective assistance claim before the IJ. My hope is that her current attorney will withdraw as counsel, so that she may be represented by counsel that is willing to assist her in this claim.

—————————————————