# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1670

_____

|  |  |  |
|---|---|---|
| Muna Abdulaziz Kedir, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Board of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: April 5, 2006
Filed: April 27, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Muna Abdulaziz Kedir, a citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (BIA), which summarily affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We grant the petition.

_____

[1]Where the BIA summarily affirms, this court reviews the IJ's decision as the final agency determination. See Hoxha v. Gonzales, 432 F.3d 919, 920 (8th Cir. 2006).

Kedir entered the United States in March 1999 and in March 2000 she applied for asylum. Kedir claimed that her father is of Eritrean origin; that because of their Eritrean ethnicity, her family had been persecuted in Ethiopia; and that she feared persecution based on her Eritrean ethnicity if she returned to Ethiopia. At a merits hearing in December 2002, Kedir also testified that if she tried to return to Ethiopia, the Ethiopian government would not accept her due to her Eritrean ethnicity. When the IJ questioned her about whether her Ethiopian passport was still valid, Kedir testified that she had not attempted to renew her Ethiopian passport because the Ethiopian government had issued a new form which required a renewal applicant to disclose her father's nationality, and she did not believe that the Ethiopian government would renew her passport upon finding out that her father was of Eritrean origin. Kedir's passport was admitted into evidence, and it was stamped as renewed by the Ethiopian Embassy in Washington, D.C., in August 1999, valid until August 2001. Based on this fact, the IJ found Kedir generally not credible, concluding (1) the renewal stamp discredited her testimony that she did not apply for a passport renewal, and (2) the Ethiopian government's renewal of the passport, well after the start of the Ethiopian-Eritrean conflict, undermined Kedir's claim that the government would not renew her passport on account of her Eritrean origin.

We review an IJ's findings regarding asylum eligibility under a substantial-evidence standard and we generally defer to an IJ's credibility finding when it is supported by specific, cogent reasons for disbelief. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982 (8th Cir. 2005). Here, the IJ's adverse credibility determination is not entitled to deference because it is based on an erroneous evaluation of Kedir's testimony regarding the passport renewal issue. That is, the IJ seemed to believe that Kedir was testifying that she had never renewed her passport, yet a careful evaluation of the testimony shows otherwise. Kedir did not testify that she had never sought a renewal, rather in response to the IJ's questioning as to whether her passport was "still good today," she testified that she had not attempted to renew her passport after the Ethiopian government had begun using a form that would identify her Eritrean

-2-

ancestry. Furthermore, we note that Kedir did disclose in her asylum application that her passport was valid until August 2001. See Georgis v. Ashcroft, 328 F.3d 962, 968-70 (7th Cir. 2003) (although review of IJ's credibility determination is "highly deferential," appeals court "will not automatically yield to the IJ's conclusions when they are drawn from insufficient or incomplete evidence"; vacating and remanding where five of six reasons given by IJ for discrediting alien were unsupported); El Moraghy v. Ashcroft, 331 F.3d 195, 205 (1st Cir. 2003) (although IJ's credibility determinations are entitled to deference, that deference is conditioned on support in record).

The IJ also found that Kedir did not demonstrate that she had a subjectively and objectively reasonable fear of future persecution in Ethiopia. The IJ noted that the State Department's 2002 Country Report on Human Rights Practices in Ethiopia indicated that Ethiopians of Eritrean origin were still "discriminated against" by being denied the right to vote and access to free medical care if indigent, and observed that this type of discrimination, when executed by a government, could rise to the level of persecution. Nevertheless, the IJ stated he would not address whether the reported discrimination rose to the level of persecution, because Kedir was not credible and she had not established with credible evidence that she is of Eritrean origin or that the government would identify her as such. We therefore conclude that the IJ's adverse credibility finding--which we have determined was predicated on erroneous logic-- also infected the IJ's inquiry as to whether Kedir had a reasonable fear of future persecution. See Dong v. Gonzales, 421 F.3d 573, 579 (7th Cir. 2005) (remanding because lack of support for IJ's credibility determination "makes it difficult to evaluate the remaining reasons [IJ] gave for denying [asylum] claim"); Palavra v. INS, 287 F.3d 690, 693 (8th Cir. 2002) (if agency decides case on ground believed by appellate court to be wrong, case must be remanded to agency to reconsider its decision).

Kedir has waived any challenge to the denial of withholding of removal and CAT relief by not raising those issues in her opening brief. See Alyas v. Gonzales, 419 F.3d 756, 760 (8th Cir. 2005). And we reject her arguments that the IJ erred in taking administrative notice of the 2002 Country Report, see Medhin v. Ashcroft, 350 F.3d 685, 690 (7th Cir. 2003) (IJ may take administrative notice of changed country conditions), and that the BIA erred in affirming without opinion, see Ngure v. Ashcroft, 367 F.3d 975, 981-88 (8th Cir. 2004) (decision whether to employ affirmance-without-opinion procedure in particular case is committed to agency discretion and not subject to judicial review).

For the reasons stated, we grant the petition for review, vacate the IJ's and the BIA's decisions, and remand the case to the BIA with instructions to remand to the IJ for further proceedings consistent with this opinion.

_____