# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-61115
Summary Calendar

Malik Muradali Haryani; Hamida Visnani

Petitioners,

v.

Michael B. Mukasey, U.S. Attorney General

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A95-238-508, A78-885-601

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioners Malik Muradali Haryani ("Haryani") and Hamida Visnani ("Visnani") seek review of the Board of Immigration Appeals's decision denying on the merits a motion to reconsider its previous order, which affirmed an IJ's denial of their motion to reopen an in absentia removal order dated October 12, 2004 . For the following reasons, the petition is denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

The following facts are sufficient for the purposes of our review. Petitioners are a married couple and natives of Pakistan. Haryani was admitted to the United States in September 1990 as a non-immigrant visitor with permission to remain for approximately one month. Mr. Haryani remained in the United States beyond his designated date of departure. His wife, Ms. Visnani, entered the United States without inspection in January 1998. In May 2003, the Department of Homeland Security issued Haryani and Visnani each a Notice to Appear, charging them with being subject to removal. Their proceedings were consolidated, and joint removal hearings were held before the immigration court in Dallas, Texas.

At the conclusion of the joint hearing in July 2004, the Immigration Judge ("IJ") advised Petitioners and their attorney, Lynn Olinger, that the next hearing would be continued until August, 2004. The IJ later postponed the hearing to October 12, and mailed notice of the change to Olinger. On October 12, Olinger appeared at the hearing, but Petitioners were absent. Olinger advised the court that her legal assistant had just contacted Haryani on his mobile phone and learned that Haryani and Visnani were in Houston. The IJ ruled that notice of the hearing date to counsel was notice to Haryani and Visnani, and proceeded in their absence. The IJ found both Haryani and Visnani were removable, denied their applications for relief, and ordered them removed from the United States.

Petitioners filed a motion with the IJ to reopen their removal proceedings, arguing that they did not receive notice of the hearing date from their attorney and raising a related claim of ineffective assistance of counsel. The IJ held a hearing on the motion in February 2005 to receive evidence and testimony. The IJ found that Haryani and Visnani lacked credibility and had failed to establish that they did not receive notice of the October 12, 2004 hearing. The IJ also

found that Haryani and Visnani had failed to comply with the procedural requirements for asserting a claim of ineffective assistance of counsel. See Matter of Lozada, 19 I. & N. Dec. 637, 639-40 (BIA 1988).[1] In March 2005, the IJ denied Petitioners' motion to reopen the case.

The Board of Immigration Appeals ("BIA") affirmed this decision in July 2006, agreeing that Haryani and Visnani "did not credibly establish they had not received proper notice" of the October 12, 2004 hearing. The BIA further noted that even if Petitioners had satisfied the Lozada requirements for raising an ineffective assistance of counsel claim, they failed to show that Olinger's performance resulted in a lack of notice. Petitioners filed a motion for reconsideration, and the BIA affirmed its decision in November 2006. Haryani and Visnani filed this petition for review under 8 U.S.C. § 1252(b); the petition is timely only as to the order denying reconsideration.

## DISCUSSION

Petitioners' threshold issue is that their removal proceedings should be reopened because they did not receive notice of the October 12, 2004 hearing. Motions to reopen a removal proceeding are disfavored, and the moving party bears a heavy burden. Altamirano-Lopez v. Gonzales, 435 F.3d 547, 549 (5th Cir. 2006). We review the BIA's denial of a motion to reopen under a highly deferential abuse of discretion standard. Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). The BIA's "abundant discretion" in this area is not to be disturbed unless its decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Pritchett v. I.N.S.,

---

[1] Briefly, Lozada requires an alien asserting ineffective assistance of counsel to (1) submit an affidavit detailing his claim, (2) inform counsel of the claim and allow an opportunity to respond, and (3) file a grievance against counsel with the appropriate disciplinary authorities or explain why a grievance has not been filed. Mai v. Gonzales, 473 F.3d 162, 165 (5th Cir. 2006).

993 F.2d 80, 83 (5th Cir. 1993). Because this case concerns an in absentia removal order, our review is further limited by statute to three questions, namely: (1) whether the alien received valid notice of the hearing; (2) whether "exceptional circumstances" justified the alien's absence from the hearing; and (3) whether or not the alien is removable. 8 U.S.C. § 1229a(b)(5)(C)(i), (b)(5)(D); Lonyem v. United States Atty Gen., 352 F.3d 1338, 1340 (11th Cir. 2003).

The first question, whether there was notice to Petitioners, is not debatable. The IJ correctly ruled, as the statute provides, that notice to counsel was effective notice to Haryani and Visnani. 8 U.S.C. § 1229(a)(2); Men Keng Chang v. Jiugni, 669 F.2d 275, 277 (5th Cir. 1982) (citing 8 C.F.R. § 292.5(a)). Petitioners' contention that counsel never advised them of the hearing date might be relevant to their ineffective assistance of counsel claim—discussed at greater length below—but not to the issue of notice itself. See Dominguez-Capistran v. Gonzales, 438 F.3d 876, 878 (8th Cir. 2006). The third question, removability, is also beyond dispute. Both Haryani and Visnani conceded removability before the IJ,[2] and the IJ concluded they were removable. Petitioners have not challenged this conclusion on appeal, and even if they had it was not an abuse of discretion.

The only issue remaining is the second question, whether Petitioners' absence from the October 12, 2004 hearing is excusable. Petitioners insist that their attorney Olinger never notified them of the October hearing date. In some cases, courts have held that an attorney's failure to notify the client of a hearing date amounted to ineffective assistance of counsel and was an "exceptional circumstance" excusing the alien's failure to appear. See 8 U.S.C.

---

[2] Visnani, who had admitted under oath and through counsel that she entered the United States without inspection, later changed her story and claimed to have gained entry by means of a fake or fraudulent passport. The IJ found this statement contrary to her earlier admissions and unsupported by any corroborating evidence.

§ 1229a(b)(5)(C)(i); see also, e.g., Scorteanu v. I.N.S., 339 F.3d 407, 412-13 (6th Cir. 2003) (holding notice to attorney was sufficient as to alien, but attorney's failure to notify alien of hearing date amounted to an "exceptional circumstance" that could warrant rescission of in absentia removal order); Dominguez-Capistran, 438 F.3d at 878 (same). To maintain a claim for ineffective assistance, an alien in a removal proceeding must fulfill Lozado's procedural requirements and must show that counsel's actions were prejudicial to his case. Mai v. Gonzales, 473 F.3d 162, 165 (5th Cir. 2006).

The BIA concluded that even if Petitioners fulfilled the Lozado requirements, they did not credibly establish that Olinger failed to notify them of the removal hearing. At the hearing to reopen in February 2005, Olinger and her assistant provided testimony and documentation tending to show that they mailed notice of the October hearing to Petitioners on September 28, 2004. For their part, Petitioners testified that they did not receive this notice, though they acknowledged the address in Olinger's files was correct.[3] Petitioners testified they made a day trip to Houston on the 12th of October, but they denied receiving a phone call from Olinger or her assistant that day. This is in tension with the transcript from October 12th, which includes Olinger's statement that her assistant had just spoken with Haryani, who advised he was in Houston.

Though the question of notice was hotly contested, there was substantial evidence to support the BIA's determination. The BIA noted a number of inconsistencies in Petitioners' testimony concerning their communications with Olinger. At the same time, while the record indicates that Olinger had a tendency to be uncommunicative and disorganized in her representation of Petitioners, both she and her paralegal testified exactly how the petitioners were notified of the October 12 hearing, and Olinger represented to the court during

---

[3] Petitioners testified that they moved from the Dallas area to Houston on October 27, 2004, the same day they notified the court and Ms. Olinger of their change of address.

that hearing that her paralegal had been in contact with petitioners, who were in Houston. On this record, we cannot say the BIA's decision to credit her testimony was "utterly without foundation in the evidence" or otherwise an abuse of discretion. Pritchett, 993 F.2d at 83. Without proving a lack of notice, Petitioners cannot show prejudice and cannot maintain a claim for ineffective assistance of counsel. This case is unlike Galvez-Vergara v.Gonzales, 484 F.3d 798 (5th Cir. 2007), in which the attorney affirmatively misinformed a petitioner that he need not appear at a hearing. Accordingly there is no basis for disturbing the BIA's decision.

In passing we note that Petitioners attempt to raise a number of other issues on appeal. These arguments are beyond the limited scope of our review or unexhausted, and in any event are inadequately briefed. Fed. R. App. P. 28(a)(4).

Because Petitioners have not shown the BIA's decision was an abuse of discretion, the petition for review is DENIED.