# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-61030
Summary Calendar

ESTELA MELANY GOMEZ-MERCADO

Petitioner

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 344 031

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Estela Melany Gomez-Mercado, a citizen and native of El Salvador, petitions this court for review of the Board of Immigration Appeals' order affirming the immigration judge's denial of her motion to reopen her deportation proceedings. Gomez did not attend her deportation hearing on December 8, 1987 at which her attorney withdrew her asylum application and requested voluntary departure. She maintains that she had reasonable cause for not attending the hearing in that notice was sent to her attorney and not her and she had no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowledge of the hearing. The immigration judge and the Board of Immigration Appeals found that notice to the attorney of record constitutes sufficient notice to the respondent and that, in this case, a claim of reasonable cause for failure to appear requires a showing of insufficient assistance of counsel. We review the BIA's denial of a motion to reopen for abuse of discretion.[1]

Gomez contends that the BIA required her to meet the wrong standard for reopening a hearing at which she failed to appear. Gomez asserts the BIA required her to show exceptional circumstances in order to excuse her failure to appear instead of the appropriate standard in effect at the time of her deportation hearing of not having been given a "reasonable opportunity to be present" or of showing a "reasonable cause for her absence."[2] Nothing in the BIA's decision, however, indicates that it applied the exceptional circumstances standard. Instead, the BIA ruled that Gomez had proper notice through her counsel and that the IJ properly construed Gomez's claim that she did not have personal knowledge of the hearing as a claim that her counsel was ineffective for not telling her about the hearing.

Gomez made no showing that she did not have a reasonable opportunity to attend the hearing. She argues that, even with notice to counsel, her alleged actual ignorance of the hearing provides reasonable cause for her absence. But the import of the rule that notice to the respondent's attorney in an immigration proceeding constitutes notice to the respondent[3] means that, as a matter of law, Gomez was treated as having notice through counsel. It was therefore not an

---

[1] See INS v. Abudu, 485 U.S. 94, 107 (1988); Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993). Motions to reopen are disfavored in deportation proceedings. Abudu, 485 U.S. at 107. The Attorney General has broad discretion to grant or deny such motions, and there is no statutory provision for reopening deportation proceedings. INS v. Doherty, 502 U.S. 314, 322-24 (1992).

[2] Patel v. INS, 803 F.2d 804, 806 (5th Cir. 1986).

[3] See Chambers v. Mukasey, 520 F.3d 445, 449 (5th Cir. 2008) (citing 8 C.F.R. § 292.5); Haryani v. Mukasey, 255 Fed. App'x 864, 866 (5th Cir. 2007) (same); In re Barocia, 19 I. & N. Dec. 255, 259 (1985).

abuse of discretion for the BIA to decide that Gomez was not denied a reasonable opportunity to attend the hearing.

Gomez also asserts that she had reasonable cause for failing to attend based on not knowing about the hearing. However, notice was given to her attorney, legally satisfying notice to her. The only reason, then, that she did not know of the hearing was that her attorney did not tell her. Accordingly, the IJ and the BIA construed Gomez's reasonable cause claim to require a showing of ineffective assistance of counsel, as set out in In re Lozada[4] as the basis for reopening immigration proceedings. Gomez, however, did not satisfy the procedural prerequisites for raising an ineffective assistance of counsel claim.[5] Thus, the BIA did not abuse its discretion by rejecting Gomez's motion to reopen. Petition for review is DENIED.

---

[4]19 I. & N. Dec. 637 (1988). See In re N-K & V-S, 21 I & N. Dec. 879, 880-82 (1997) ("[W]e conclude that the applicants have satisfied the [ineffective assistance of counsel] requirements of Matter of Lozada. We find that the record supports their contention that they were prejudiced by the actions of their former counsel and were prevented from presenting their case. This was a reasonable cause for their failure to appear, and we therefore grant the motion to reopen.").

[5]See Lara v. Trominski, 216 F.3d 487, 498 (5th Cir. 2000) (listing the Lozada requirements for supporting a claim of ineffective assistance of counsel as a basis for reopening immigration proceedings).