# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 03-2962

───────────

Elija Kebaso Ateka,                          *
                                             *
            Petitioner,                      *
                                             *   Petition for Review of an Order of
      v.                                     *   the Board of Immigration Appeals.
                                             *
John Ashcroft,                               *
                                             *
            Respondent.                      *

───────────

Submitted:  June 14, 2004
    Filed:  September 24, 2004

───────────

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

───────────

MURPHY, Circuit Judge.

Elija Kebaso Ateka, a native and citizen of Kenya, petitions for review from a final order of the Board of Immigration Appeals affirming an immigration judge's ruling that he was ineligible for lawful permanent resident status because he had made a false claim of citizenship on an I-9 employment eligibility form. We deny the petition.

Ateka entered the United States in August 1996 on a nonimmigrant student visa. Instead of attending school in North Carolina as authorized, he moved to Minnesota and got a job as a nurse's aide at the Southview Walker nursing home in

May 1997. In order to get the job Ateka had to fill out a Form I-9 in March 1997 relating to his employment eligibility, and he checked the first box on the form to indicate that he was "a citizen or national of the United States." In July 1997 Ateka married a United States citizen, and his wife subsequently filed a visa petition on his behalf concurrent with his application for adjustment of status.

The Immigration and Naturalization Service (INS) interviewed Ateka in January 1998 about his eligibility for adjustment of status. When the INS officer asked whether he had made a false claim to United States citizenship on his Form I-9, he answered three times that he had. He said he had done so because "[he] needed to survive, [he] had no money, [he] had no other options." On May 13, 1998, the INS denied Ateka's adjustment of status application and charged him with removability for overstaying his student visa and for falsely claiming United States citizenship to obtain a benefit under the Immigration and Nationality Act or other federal or state law. At a hearing on September 22, 1998, Ateka conceded removability for remaining longer than permitted, but he denied having falsely claimed United States citizenship. He requested relief from removal and adjustment of status to that of permanent resident under 8 U.S.C. § 1255.

The Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) was enacted on September 30, 1996, some time before Ateka filled out his Form I-9. IIRIRA provides in part that:

> Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible.

8 U.S.C. § 1182(a)(6)(C)(ii)(I). Section 1324a of the statute makes it unlawful knowingly to hire or employ any alien who is not authorized to work in the United States. See 8 U.S.C. § 1324a. The immigration judge concluded that under IIRIRA

an alien who has falsely represented himself to be a United States citizen in order to procure employment is inadmissible to the United States. He found Ateka inadmissible because he had made such a false representation and concluded that he was therefore ineligible for adjustment of status under 8 U.S.C. § 1255(a).[1] Ateka appealed, and a member of the Board of Immigration Appeals affirmed the immigration judge's decision without opinion, pursuant to 8 C.F.R. 1003.1(a)(7). Ateka timely petitioned for review.

Ateka argues that the Board erred in finding that he had made a false representation of citizenship, that it misapplied the law on the legal consequences of such a misrepresentation, and it should not have affirmed without opinion. We treat the immigration judge's opinion as that of the Board when it has affirmed without a written opinion. See 8 C.F.R. § 1003.1(a)(7); Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003). The Board's findings of fact will be disturbed only if unsupported by substantial evidence. Negele v. Ashcroft, 368 F.3d 981, 982 (8th Cir. 2004). We review the Board's conclusions of law de novo, with substantial deference to its interpretations of statutes and regulations administered by the agency. Regalado-Garcia v. INS, 305 F.3d 784, 787 (8th Cir. 2002).

Ateka contends that when he checked the box on the Form I-9 indicating that he was a "citizen or national of the United States," he was making what he thought might be the truthful representation that he was a "national of the United States." The immigration judge found this claim not credible in light of Ateka's multiple admissions to an INS officer that he had made a false representation of United States citizenship on his Form I-9 in order to procure employment. At his interview Ateka initially did not remember which box he had checked on the form, and he never suggested to the INS officer that he thought he was truthfully representing that he was

---

[1]Section 1255(a) provides that an alien seeking adjustment of status from nonimmigrant must be "admissible to the United States for permanent residence."

a national of the United States. Moreover, in his testimony before the immigration judge he admitted that he did not know what a "national" was and that he had knowingly misrepresented his employment eligibility when he completed the Form I-9. Given his prior statements and his testimony, there was substantial evidence to support the immigration judge's finding that Ateka had intentionally made a false representation of United States citizenship in order to procure employment.

Ateka also now argues that making a false representation of citizenship in order to procure employment does not necessarily make an alien inadmissible because employment is not a "purpose or benefit under [the Immigration and Nationality Act] or any other Federal or State law." Ateka failed to raise this argument before the immigration judge or in his appeal to the Board. He in fact explicitly stated in his filings before the Board that his appeal raised "the sole question of whether the mere checking of the first box on a Form I-9 . . . can be interpreted as constituting an unequivocal false claim to US citizenship."[2] The Attorney General contends that we cannot consider Ateka's "purpose or benefit" argument since it was not raised before the Board.

The Immigration and Naturalization Act provides that a court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). If a petitioner fails to raise a particular issue when he appeals to the Board and has not presented the Board with the need or opportunity to address that issue, the petitioner has not exhausted administrative remedies with respect to it. The IIRIRA provision at issue in his immigration proceeding is short, and he focused his appeal argument to the Board on whether he had made a false representation. He raised no argument then about the next few words in the statute. We accordingly decline to address Ateka's unexhausted

---

[2]The quoted language comes from his motion to expedite in October 2002; his supplemental submission to the Board in October 2001 refers to that question as the only issue on appeal, and his original brief in June 1999 states the issue similarly.

argument regarding whether employment is a "purpose or benefit" within the meaning of § 1182(a)(6)(C)(ii)(I).  That issue is not properly before us.  Cf. Halabi v. Ashcroft, 316 F.3d 807, 808 (8th Cir. 2003) (per curiam) (declining to address arguments regarding petitioner's recent marriage and its effect on his immigration status because he had not exhausted his administrative remedies concerning his motion to reopen).

Finally, Ateka argues that the Board misapplied its streamlining regulations when it summarily affirmed the immigration judge's decision without a written opinion, and he asks that we therefore remand his case for reconsideration.  We generally lack jurisdiction to review the Board's decision to use its streamlined procedure.  Ngure v. Ashcroft, 367 F.3d 975, 988 (8th Cir. 2004).  Ateka contends he fits within an exception to the jurisdiction rule left open in Ngure–where there have been new legal developments which cast doubt on the immigration judge's decision.  See id.  There we referenced Haoud v. Ashcroft, 350 F.3d 201 (1st Cir. 2003), an immigration case remanded by the First Circuit after it was unable to determine whether the Board had "found a legitimate means" to distinguish another Board decision which had almost identical facts with` a different outcome and which had been cited by the petitioner on his appeal to the Board.

Ateka's situation is very different, and the developments he cites are unlike the intervening precedent in Haoud.  Ateka reports that the Texas Service Center may not penalize aliens who have checked the first box on Form I-9 if there is no other specific evidence of a false claim to United States citizenship, citing a meeting discussion in April 2001.[3]  Not only does this citation not have the precedential value of a Board opinion, but in Ateka's case there is other evidence of a false claim to citizenship.  Ateka also cites two Board decisions in support of his new argument that

---

[3]Cited at AILA InfoNet at Doc. No. 01041902.

employment is not a "purpose or benefit" for purposes of § 1182(a)(6)(C)(ii)(I).[4] Not only were these cases based on a preIIRIRA statutory provision, but Ateka failed to bring them to the attention of the Board even though they had been issued before he made his final submissions. In these circumstances, we lack jurisdiction to review the Board's decision to use its streamlined procedure.

For these reasons the petition is denied.

BRIGHT, Circuit Judge, concurring separately.

I concur with the majority that substantial evidence in the record supports the immigration judge's conclusion that Ateka had intentionally made a false representation of United States citizenship in completing Form I-9 to seek employment from an employer. I write separately to underscore that this opinion is not to be applied as a per se bar to an immigrant's residence status in other cases where an immigrant may have made a false statement of United States citizenship to obtain private employment.

Whether such misstatement in an application and, thereafter, obtaining of private employment amounts to a "benefit under this chapter," as that phrase is used in section 1182(a)(6)(C)(ii)(I), is an important question which was not raised nor decided in this case. Such a determination remains for another case on another day.

_____

_____

[4]Matter of Tachiwana, 25 Immig. Rptr. B1-165 (B.I.A. May 2, 2002) (unpublished); Matter of [Unknown Ghanan National] (B.I.A. June 5, 2000) (unpublished), available at http://www.ilw.com/lawyers/immigdaily/cases/2000,1011-scan1.shtm.