United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60342
Summary Calendar

HATEM SULIEMAN NASER,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 177 272
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Hatem Naser petitions this court for review of the Board of Immigration Appeals's (BIA's) decision finding him inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), (ii) and, therefore, statutorily ineligible for adjustment of status and removable. He has also moved to expedite our ruling on that petition. Naser argues that his checking the "citizen or national" box on two I-9 Employment Eligibility Verification forms for the purpose of securing private employment was an insufficient basis on which to find him inadmissible. He further argues that the BIA's decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to utilize its summary affirmance procedures was inappropriate in his case.

Substantial evidence supports the immigration judge's determination that Naser had not borne his burden of showing that he was "clearly and beyond doubt" not inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996); 8 U.S.C. § 1229a(c)(2)(A). The issue whether Naser is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) is pretermitted in light of the determination that substantial evidence supported the finding that he was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). Finally, we reject Naser's argument that we must review the BIA's use of its streamlined review process. See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 662 (5th Cir. 2003).

PETITION AND MOTION TO EXPEDITE DENIED.