# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3356

_____

Meidi Cao,                                  *
                                            *
          Petitioner,                       *
                                            *    Petition for Review of an
     v.                                     *    Order of the Board of
                                            *    Immigration Appeals
Alberto Gonzales, United States             *
Attorney General,                           *       [UNPUBLISHED]
                                            *
          Respondent.                       *

_____

Submitted:  February 16, 2007
     Filed:  February 23, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Petitioner, Meidi Cao, seeks review of the decision of the Board of Immigration Appeals (BIA) that affirmed the Immigration Judge's (IJ) denial of petitioner's applications for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure.  Our jurisdiction arises under 8 U.S.C. § 1252(a)(1) (2000).  The petition for review was timely filed and venue properly lies in our court.

Petitioner, who was born on May 17, 1968, in Fujian Province, is a citizen of China.  Using a false Korean passport, he illegally entered the United States on or

about March 28, 2001. Upon being charged by the former Immigration and Naturalization Service as removable under section 212(a)(6)(A)(I) of the Immigration and Nationality Act (INA), petitioner admitted the factual allegation contained in the Notice to Appear and conceded removability.

Petitioner based his claim for relief upon his allegation that subsequent to her 1991 marriage to petitioner, petitioner's wife was twice forced to undergo abortions, the first in 1997 and the second in 2000. Petitioner submitted by way of corroboration Chinese abortion certificates from the local family planning office. The IJ questioned the authenticity of these certificates, noting that the 1998 State Department Profile of Asylum Claims and Country Conditions regarding China states that United States Embassy and Consulates General are unaware of any so-called "abortion certificates" and that the only official document that might resemble an abortion certificate is one issued by a hospital at the patient's request following a voluntary abortion. The Profile notes that asylum documentation, especially from Fujian Province, is subject to widespread fabrication and fraud.

Following a continuance in the proceedings, petitioner submitted hospital documents mailed to him by his wife stating that the abortions were performed at the hospitals and not at the family planning office. The IJ questioned the validity of these documents, finding that petitioner had not satisfactorily explained why he had submitted the original certificates or why the second certificates were more reliable than the first.

The IJ also questioned petitioner's testimony and evidence relating to his claim that his wife had become pregnant following her 1995 sterilization. The IJ found that petitioner had not presented sufficient evidence to establish that he faces a reasonable possibility of persecution simply because he and his wife have two children, given the fact that the Country Reports on China show a change in policy and conditions in that country. The IJ found that the fact that petitioner's wife may have undergone

voluntary abortions did not establish a claim for asylum based upon coercive family planning policies in China.

Finding that the petitioner had failed to establish a claim for asylum, the IJ concluded that petitioner perforce failed to satisfy the higher standard of proof necessary to establish a claim for withholding of removal under section 241(b)(3) of the INA. The IJ also denied petitioner's request for voluntary departure and ordered him removed to China.

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as that of the BIA. Prokopenko v. Ashcroft, 372 F.3d 941, 944 (8th Cir. 2004). We review the BIA's denial of an application of asylum under the deferential substantial evidence standard of review. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992), and we may reverse only if the evidence not only supports but compels the conclusion that the petitioner advocates. Id. at n.1. As provided by the INA, "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We conclude that the IJ's findings and credibility determinations find support in the record and thus should be affirmed. Without recounting that evidence in greater detail than that set forth above, suffice it to say that it lacks credence, as illustrated by petitioner's presentation of highly questionable documents and his credulity-straining testimony regarding his wife's post-sterilization pregnancy and his alleged seven-day detention pending his wife's surrender for an involuntary abortion. Small wonder, then, that the IJ summarized his reaction to petitioner's testimony by saying, "This Court does not believe that [petitioner] has testified candidly or truthfully concerning the incidents that allegedly occurred in China."

We agree with the government that because petitioner did not file an appeal with the BIA from the IJ's adverse decisions on his withholding and Convention

-3-

Against Torture claims, he has failed to exhaust his remedies on those claims and may not raise them by way of petition for review.  See, e.g., <u>Ateka v. Ashcroft</u>, 384 F.3d 954, 957 (8th Cir. 2004).

The petition is denied.

_____