# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-3523

_____

David Rodriguez,             *
                             *
        Petitioner,          *
                             *
    v.                       *    Petition for Review from the
                             *    Board of Immigration Appeals.
Michael B. Mukasey,[1] Attorney  *
General of the United States of  *
America,                     *
                             *
        Respondent.          *

_____

Submitted: November 16, 2007
Filed: March 19, 2008

_____

Before MURPHY, HANSEN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

David Rodriguez petitions this court for review of the decision of the Board of Immigration Appeals ("BIA") to affirm the Immigration Judge's ("IJ") decision that Rodriguez was not eligible for adjustment of status because he did not clearly and

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States of America and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

beyond doubt prove that he was admissible.  For the reasons discussed below, we deny the petition.

## I.    BACKGROUND

David Rodriguez, a citizen of Mexico, entered the United States without inspection at El Paso, Texas, on or about July 22, 1996.  During his time in the United States, he lived in Minnesota and fraudulently obtained a Texas birth certificate, a Minnesota driver's license and a social security card in the name of Oscar Martinez, and a social security card and legal resident card in the name of David Rodriguez Silva.  He sought to obtain employment with a private employer by checking a box on a Form I-9 indicating that he was a "citizen or national of the United States" and by submitting the fraudulent Martinez driver's license and social security card as support for his claim.

On April 19, 2001, Rodriguez married Veronica Vazquez, a United States citizen.  On April 24, 2001, he submitted an immediate relative immigrant visa petition, which the Immigration and Naturalization Service ("INS") approved.  The INS informed Rodriguez that he would be considered for lawful permanent residence status subject to his application for adjustment of status.  On February 26, 2002, Rodriguez and his wife appeared for an interview with a district adjudications officer as part of the process to adjust his status.  Rodriguez brought the fraudulent documents.  After the interview, the adjudications officer prepared a sworn statement that included the questions and answers during the interview.  Rodriguez reviewed and signed the statement.  In the interview and his resulting sworn statement, Rodriguez admitted that he knew that with the use of the fraudulent documents he had made a claim to a government agency that he was a citizen of the United States.  The INS denied Rodriguez's application for adjustment of status because he had made a false claim that he was a United States citizen.

At Rodriguez's removal hearing on December 17, 2004, the Department of Homeland Security ("DHS")[2] offered exhibits, including his sworn statement from the February 26, 2002 interview, demonstrating that Rodriguez obtained a Texas birth certificate, Minnesota driver's license and social security card in the name of Martinez and represented himself as a citizen of the United States by marking the "citizen or national of the United States" box on a Form I-9 and by submitting the fraudulent Martinez documents with the Form I-9. The adjudications officer who conducted the February 26, 2002 interview testified that Rodriguez admitted to her that he obtained the documents in Martinez's name after his failed attempt to obtain a driver's license or state identification card in his own name. The adjudications officer also testified that the interview was conducted in English and Rodriguez had no difficulty understanding and responding in English. Rodriguez testified at the hearing that he obtained the birth certificate, driver's license and social security cards; used the Martinez driver's license and social security card to obtain employment "a number of times"; and did not understand some of the questions asked of him in English at the interview. He testified that he did not remember whether he told the adjudications officer at the interview that he knew the use of the fraudulent documents was a claim that he was a citizen. He also claimed that he only marked the "citizen or national of the United States" box on the Form I-9 because he wanted to work and a person who helped him fill out the forms told him to mark that box.

On April 25, 2005, the IJ determined that when Rodriguez marked the "citizen or national of the United States" box on the Form I-9 he submitted to a private employer he falsely represented himself as a citizen of the United States for a purpose or benefit under the Immigration and Nationality Act ("the Act"). The IJ considered Rodriguez's sworn statement from the February 26, 2002 interview that he knew that he was "making a claim to a government agency that [he] was a citizen of the United

_____

[2]The INS ceased to exist on March 1, 2003, and its functions were transferred to the DHS. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002).

States" when he used the fraudulent Martinez documents. The IJ also considered Rodriguez's unsuccessfully obtaining documents in his own name and unsuccessfully seeking work as an illegal immigrant before obtaining the birth certificate, driver's license and social security card in Martinez's name. The IJ credited the adjudications officer's testimony that Rodriguez admitted to obtaining the driver's license with the fraudulent Texas birth certificate in Martinez's name. The IJ noted that Rodriguez submitted the Martinez driver's license and social security card along with a Form I-9 in order to gain employment. Based on this evidence, the IJ determined that Rodriguez marked the box on the Form I-9 to falsely represent himself as a United States citizen. The IJ then held that Rodriguez was ineligible for adjustment of status because he falsely represented himself as a United States citizen on the Form I-9 in order to obtain private employment.

The BIA adopted and affirmed the IJ's holding. The BIA also relied on Rodriguez's admission to the adjudications officer that he knew that using the Martinez documents meant he was making a claim of United States citizenship. The BIA noted that Rodriguez admitted to marking the "citizen or national of the United States" box on a Form I-9 and understanding the content of the Form I-9. The BIA found that the IJ did not err by rejecting Rodriguez's claim that he did not understand the questions in the interview. The BIA also held that the IJ correctly determined that an alien who marks the "citizen or national of the United States" box on a Form I-9 with the purpose of representing himself as a United States citizen to obtain employment with a private employer has falsely represented himself for a benefit or purpose under the Act.

## II.    DISCUSSION

Rodriguez first argues that the BIA erred in concluding that his marking the "citizen or national of the United States" box on a Form I-9 for the purpose of seeking private employment constituted a benefit or purpose under the Act, making him

-4-

inadmissible and, therefore, ineligible for adjustment of status. "This [c]ourt lacks jurisdiction to review discretionary denials of adjustment of status, unless the petition for review raises a constitutional claim or question of law." *Hailemichael v. Gonzales*, 454 F.3d 878, 886 (8th Cir. 2006); *see also* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). We have jurisdiction, however, to review "the predicate legal question whether the IJ [and the BIA] properly applied the law to the facts in determining an individual's eligibility." *Reyes-Vasquez v. Ashcroft*, 395 F.3d 903, 906 (8th Cir. 2005) (discussing this court's jurisdiction over an IJ's decision that an alien was not eligible for the discretionary relief of cancellation of removal). "We review the Board's conclusions of law de novo, with substantial deference to its interpretations of statutes and regulations administered by the agency." *Ateka v. Ashcroft*, 384 F.3d 954, 957 (8th Cir. 2004). "The Board's findings of fact will be disturbed only if unsupported by substantial evidence." *Id.* Additionally, "[w]hen the BIA adopts and affirms the IJ's decision, but also adds reasoning of its own, we will review both decisions together." *Chen v. Mukasey*, 510 F.3d 797, 800 (8th Cir. 2007).

An alien may seek adjustment of status under 8 U.S.C. § 1255(a). To be eligible for adjustment of status an alien must be "admissible to the United States." § 1255(a). Rodriguez bore the burden of proving clearly and beyond doubt that he was not inadmissible. *See* § 1229a(c)(2)(A) ("[I]f the alien is an applicant for admission, [the alien has the burden of establishing] that [he] is clearly and beyond doubt entitled to be admitted and is not inadmissible under § 1182 of this title."). "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible." § 1182(a)(6)(C)(ii)(I). Section 1324a states, "[i]t is unlawful for a person or other entity to hire, or to recruit or refer for a fee, for employment in the United States an alien knowing the alien is an unauthorized alien . . . ." § 1324a(a)(1)(A).

Section 1182(a)(6)(C)(ii)(I) provides that an alien is inadmissible only when he falsely represents himself as a *citizen* of the United States for any of the described purposes. A false representation by an alien that he is a national of the United States would not make him inadmissible under § 1182(a)(6)(C)(ii)(I).[3] Unfortunately, Form I-9 is poorly designed in that by checking one box the person ambiguously represents that he is either a citizen or a national. Therefore, the evidence must support a finding that the alien marked the "citizen or national of the United States" box on a Form I-9 with the purpose of representing himself as a citizen, not a national. *See Ateka*, 384 F.3d at 957. We held that Ateka was inadmissible because the evidence showed that he falsely represented himself as a citizen and not a national, but we declined to determine whether falsely representing himself as a citizen on a Form I-9 for the purpose of obtaining private employment constituted a benefit or purpose under the Act because Ateka had not properly raised that issue to the BIA. *See id.* at 958 (Bright, J., concurring).

Now that this issue is properly before us, we hold that an alien who marks the "citizen or national of the United States" box on a Form I-9 for the purpose of falsely representing himself as a citizen to secure employment with a private employer has falsely represented himself for a benefit or purpose under the Act. With this holding, we follow the lead of all of our sister circuits who have considered this issue. *See Theodros v. Gonzales*, 490 F.3d 396, 402 (5th Cir. 2007) (holding that private employment is a "benefit or purpose" under the Act and that an alien who falsely represents himself as a citizen to obtain private employment is inadmissible); *see also Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007); *Naser v. Gonzales*, 123 Fed. Appx. 624, 624-25 (5th Cir. 2005).

---

[3]"The term 'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22).

The BIA correctly analyzed the Act and held that the "[r]eference to [§ 1324a] immediately following the 'purpose or benefit' clause of [§ 1182(a)(6)(C)(ii)(I)] clearly suggests that employment, private or otherwise, is an example of the sort of purpose or benefit contemplated by that statute." We agree that the explicit reference to § 1324a in § 1182(a)(6)(C)(ii)(I) indicates that private employment is a "purpose or benefit" of the Act. This is so because § 1324a prohibits all employers from knowingly employing unauthorized aliens, and a Form I-9 assists an employer in complying with this requirement and the DHS in enforcing compliance. Therefore, when an alien marks the "citizen or national of the United States" box on a Form I-9 to falsely represent himself as a citizen for the purpose of obtaining private employment, he has falsely represented himself for a purpose or benefit under the Act and is inadmissible. *See Theodros*, 490 F.3d at 402; *Kechkar*, 500 F.3d at 1084.

Rodriguez next argues that the IJ's and the BIA's finding that he marked the box with the purpose of representing himself as a citizen was not supported by substantial evidence. He did not testify and does not argue that he meant to indicate that he was a national. Instead, he claims that he did not understand what it meant when he marked the "citizen of national of the United States" box on the Form I-9 and that he did so simply because he wanted to work and someone told him to mark that box to be able to do so.

As part of his argument, Rodriguez contends that the IJ and the BIA erred in basing their decisions on his admission to the adjudications officer that he used the Martinez documents to claim he was a citizen. Rodriguez testified before the IJ that he did not understand the adjudications officer's questions or the resulting sworn statement because he did not have a translator or counsel at the interview. He also argues that what transpired at the interview is unclear because the interview was not recorded. However, Rodriguez did not request a translator, and the adjudications officer testified that Rodriguez understood the questions and did not have difficulty answering the questions in English. Rodriguez further testified before the IJ that he

-7-

did not remember whether he made the admission to the adjudications officer, but we defer to the IJ's credibility determination involving Rodriguez's different statements because, based on the evidence concerning the interview, the IJ's finding is "supported by a specific, cogent reason for disbelief." *Fofanah v. Gonzales*, 447 F.3d 1037, 1040 (8th Cir. 2006) (internal quotation omitted). Not only did the adjudications officer testify as to Rodriguez's admission, but it was repeated in the sworn statement he then reviewed and signed.

Along with Rodriguez's admission to the adjudications officer, Rodriguez obtained the fraudulent documents in Martinez's name after his attempt to secure proper identification in his own name failed. Rodriguez admitted that he used the Texas birth certificate to obtain a driver's license and social security card in Martinez's name. He then submitted the Martinez driver's license and social security card along with the Form I-9 in order to obtain employment. Thus, based on the record, including his admission and the circumstances surrounding his submission of the Form I-9, substantial evidence supports the conclusion that Rodriguez falsely represented himself as a citizen when he marked the "citizen or national of the United States" box.

In conclusion, an alien who marks the "citizen or national of the United States" box on a Form I-9 for the purpose of falsely representing himself as a citizen to secure employment with a private employer has falsely represented himself for a purpose or benefit under the Act. Substantial evidence supports the finding that Rodriguez falsely represented himself as a citizen when he submitted the Form I-9. Therefore, Rodriguez did not prove clearly and beyond doubt that he is admissible, and he is ineligible for adjustment of status.

## III. CONCLUSION

For the foregoing reasons, we deny Rodriguez's petition for review.

_____