

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2009

# Estevez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1125

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Estevez v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2011.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2011

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1125
_____

CARMELA ESTEVEZ,

Appellant,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A78-822-787)
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 5, 2009

Before: FUENTES and FISHER Circuit Judges, DITTER,[*] District Judge.

(Opinion Filed:January 21, 2009)

_____

OPINION OF THE COURT

_____

[*] Honorable J. William Ditter, Jr. Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

Carmela Estevez is a citizen of the Dominican Republic who entered the United States as an adult in 1995 without inspection. Estevez is the beneficiary of an approved visa petition as the spouse of a lawful permanent resident. However, she was unable to adjust her status and was ordered removed after an Immigration Judge (IJ) found that she was inadmissible for falsely representing herself to be a United States citizen.[1] See 8 U.S.C. § 1182(a)(6)(C)(ii) ("Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any other Federal or State law is inadmissible."). Estevez petitions for review of the Board of Immigration Appeals's (BIA) order affirming the IJ.[2]

In January 1999, Estevez found the birth certificate of a United States citizen named Norma Ramirez. Estevez took the birth certificate to the New Jersey Department of Motor Vehicles (DMV) and used it to apply for an identification card. A DMV inspector realized that the birth certificate did not belong to Estevez and called the police.

---

[1] Estevez was granted voluntary departure, but is not eligible for other relief.

[2] We have jurisdiction over this petition under 8 U.S.C. § 1252. "We have plenary review over questions of law, subject to the principles of deference articulated in Chevron v. Natural Resources Defense Council, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694[ ] (1984)." Wong v. Att'y Gen. of U.S., 539 F.3d 225, 230-31 (3d Cir. 2008) (citations and internal quotation marks omitted). We review factual determinations under the substantial evidence standard. Gabuniya v. Att'y Gen. of U.S., 463 F.3d 316, 321 (3d Cir. 2006). Accordingly, "we may decline to uphold the BIA's findings only if the evidence compels a contrary conclusion." Ahmed v. Ashcroft, 341 F.3d 214, 216 (3d Cir. 2003).

A police report of the incident indicates that Estevez told the arresting officer that she was an illegal immigrant.

On appeal, Estevez claims that she never intended to represent that she was a United States citizen to obtain a benefit under state or federal law. Estevez maintains that she does not speak English and did not understand the significance of the birth certificate. Estevez also argues that applying for a state identification card does not constitute seeking a benefit under the Immigration and Nationality Act (INA) "or any other Federal or State law." Finally, Estevez argues that she recanted any claim of citizenship in a timely manner.

At a hearing on her admissibility, Estevez admitted that she took Ramirez's birth certificate to the DMV because she "thought of gaining an ID, obtaining an ID, with the purpose of working." (R. 126.) Estevez explained that she knew that she could not take her own birth certificate to the DMV because she was not born in the United States and "[b]ecause people [who] do not have a work permit, or a green card, cannot apply for those type of permits." (R. 137.) Conversely, she understood that Ramirez was born in the United States because the birth certificate "said on the top, United States." (R. 138.) Estevez also testified that she was pretending to be Norma Ramirez when she presented the birth certificate to the DMV.

Estevez's testimony is sufficient to establish that she intended to represent herself to be a U.S. citizen by using Ramirez's birth certificate, and further that she intended to

3

use that certificate to obtain a state benefit, an identification card she hoped to use in turn to obtain employment. Cf. Rodriguez v. Mukasey, 519 F.3d 773, 777 (8th Cir. 2008) (holding that "an alien who marks the 'citizen or national of the United States' box on a Form I-9 for the purpose of falsely representing himself as a citizen to secure employment with a private employer has falsely represented himself for a benefit or purpose under the Act."); Kechkar v. Gonzales, 500 F.3d 1080, 1084 (10th Cir. 2007) (same).

As to Estevez's argument that she timely recanted any citizenship claim, the BIA has held that certain misrepresentations may not bar receipt of immigration benefits under the INA where the alien "voluntarily and prior to any exposure of the attempted fraud corrected his testimony." In re M——, 9 I&N Dec. 118, 119 (BIA 1960). However, Estevez testified that the DMV inspector immediately discovered her misuse of the birth certificate and that she never confessed to him that the certificate did not belong to her.

Because we find that there was substantial evidence that Estevez falsely claimed to be a United States citizen to obtain a benefit under state law, we will deny the petition.