**Amir VANA, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–1595.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 5, 2009.

Opinion filed Aug. 12, 2009.

Christine M. Flowers, Esq., Joseph M. Rollo, Esq., Joseph M. Rollo & Associates, Philadelphia, PA, for Petitioner.

Lisa M. Arnold, Esq., John S. Hogan, Esq., Paul F. Stone, Esq., Briena L. Strippoli, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Amir Vana petitions for review of a final order of the Board of Immigration Appeals ("BIA"). For the following reasons, we will deny the petition for review.

Vana is a citizen of Israel who entered the United States on a visitor's visa in 1993 and stayed beyond the six-month period. In June 2000, he was placed in removal proceedings. In December 2000, the immigration judge (IJ) found Vana removable for overstaying his visa, denied voluntary departure, and ordered him removed to Israel. In November 2000, during the pendency of his removal proceedings, Vana pled guilty to making false statements on a United States passport application, a violation of 18 U.S.C. § 1542; he was sentenced in 2001. During the pendency of his BIA appeal, Vana's wife, a United States citizen, filed an I–130 petition on Vana's behalf, which was approved. In 2002, the BIA granted Vana's motion to remand the removal proceedings for consideration of Vana's application for adjustment of status.

On remand, the Government charged Vana with additional grounds of removability. After protracted proceedings that included an appeal to the Board and a remand to Immigration Court, the IJ determined that the Government had proved Vana's removability by clear and convincing evidence. Specifically, the IJ found that Vana had stayed in the United States beyond the time allowed by his visitor's visa and that he knowingly and willingly attempted to obtain a United States passport under a false name, a false birth date and place of birth (in the United States), and false social security number. The IJ pretermitted Vana's application for adjustment of status, finding that he was statutorily ineligible based on two separate inadmissibility provisions. First, the IJ ruled that Vana was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii), as an alien who falsely represented himself as a United States citizen by "willingly and knowingly" attempting to obtain a U.S. passport using false information. The IJ noted that there is no statutory waiver excusing inadmissibility under § 1182(a)(6)(C)(ii). Second, the IJ ruled that Vana was inadmissible under § 1182(a)(2)(A)(i)(I) based on his conviction of a crime involving moral turpitude ("CIMT"). Vana appealed the denial of his request for adjustment of status; the BIA adopted and affirmed the IJ's decision. Vana filed a timely petition for review.[1]

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). *Abdulai v. Ashcroft*, 239 F.3d 542, 547 (3d Cir.2001). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004). We lack jurisdiction over determinations that an alien does not warrant the favorable exercise of discretion for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(I); *Pinho v. Gonzales*, 432 F.3d 193, 204 (3d Cir.2005). We exercise

---

1. Vana conceded that § 1542 is a CIMT. A.R. 23.

de novo review, however, over constitutional claims and questions of law, and the application of law to facts. 8 U.S.C. § 1252(a)(2)(D). Vana challenges the IJ's and BIA's determination that he was statutory ineligible for adjustment of status; hence, we we review that argument de novo. *See Pinho*, 432 F.3d at 204 (concluding that a "[d]etermination of *eligibility* for adjustment of status—unlike the *granting* of adjustment of status itself—is purely a legal question and does not implicate agency discretion").

An adjustment of status is authorized if, inter alia, the alien is "admissible to the United States." 8 U.S.C. § 1255(a). The alien bears the burden of proving clearly and beyond doubt that he was not inadmissible. *See* 8 U.S.C. § 1229a(c)(2)(A). "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this Act . . . or any other Federal or State law is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(ii)(I).

In his petition for review, Vana asserts that the IJ erred in finding that he was inadmissible under § 1182(a)(6)(C)(ii)(I) based on his guilty plea to making false statements on his passport application, because there was no evidence that he knowingly represented himself to be a United States citizen when he sought a passport. Specifically, Vana argues that "scienter" is an implied requirement of a "false claim of United States citizenship" charge under § 1182(a)(6)(C)(ii)(I). He asserts that no evidence was presented to the IJ that he subjectively knew that making a false statement on a passport application was tantamount to making a false claim of citizenship. He claims, moreover, that he did not make any such admission in the plea colloquy or in his removal proceedings. Vana claims that he never intended to seek United States citizenship by applying for a United States passport. He explains that he allowed someone to file a passport application for him because he had been told that this would give him the right to work authorization.

■ Vana's argument is meritless. The IJ and the BIA properly relied on the fact of Vana's conviction under 18 U.S.C. § 1542 in ruling that Vana knowingly made a false claim of United States citizenship. As one of our sister circuit courts has held, a guilty plea to a § 1542 offense is sufficient for finding that an alien has falsely claimed United States citizenship for § 1182(a)(6)(C)(ii)(I) purposes.[2] *See Rodriguez v. Gonzales*, 451 F.3d 60 (2d Cir.2006) (holding that a Dominican national's conviction under 18 U.S.C. § 1542 amounted to a false representation of United States citizenship, rendering him inadmissible under 8 U.S.C § 1182(a)(6)(C)(ii)). The elements of the § 1542 offense to which Vana admitted his guilt are: (1) willfully; (2) making a false statement on a United States passport application; (3) with the intent to induce or secure the issuance of the passport, contrary to law. Here, among other things, Vana knowingly misrepresented that he was born in the United States. His misrepresentation was willful in that it was deliberately and voluntarily made with knowledge of the falsity of the representa-

---

**2.** Vana also argued that § 1182(a)(6)(C)(ii) should apply only in cases where the alien is convicted under 18 U.S.C. § 911 (making a false claim of United States citizenship), and not for a conviction under § 1542. An alien need not be convicted of *any* offense, however, to be found inadmissible. *See* § 1182(a)(6)(C)(ii)(I).; *cf. Rodriguez v. Muka-*

*sey*, 519 F.3d 773 (8th Cir.2008) (holding that an alien who represents that he is a "citizen or national of the United States" on Form I-9 for the purpose of falsely representing himself as a citizen to secure employment has falsely represented himself for a benefit or purpose under § 1182(a)(6)(C)(ii)).

tion. *See Forbes v. INS*, 48 F.3d 439, 442 (9th Cir.1995). We agree with *Rodriguez* that by knowingly applying for a false United States passport, Vana knowingly misrepresented himself to be a United States citizen. Notably, and as the BIA itself observed, only a United States citizen is entitled to receive a United States passport, and a United States passport is considered to be conclusive proof of United States citizenship, unassailable in collateral administrative proceedings, *see* 22 U.S.C. § 2705.

Next, relying on a nonprecedential case from another circuit, Vana asserts that he retracted his claim of United States citizenship by opting not to pursue the passport process after the application was filed. He never called to make inquiries about the status of his application, and he never went back to pick up his passport. Assuming, without deciding, that an alien may avoid inadmissibility under § 1182(a)(6)(C)(ii) by making a timely retraction of a false statement of United States citizenship,[3] we do not think that Vana's inaction regarding his passport application was sufficient to constitute a retraction. *See e.g., United States v. Sebaggala*, 256 F.3d 59, 64 (1st Cir.2001) (in the context of 18 U.S.C. § 1623(d), effective recantation requires "an outright retraction and repudiation"). Vana did not correct his false statement or in any way repudiate it, nor did he withdraw his passport application (filed in October 1999) before he was indicted in 2000.

For the forgoing reasons, we will deny the petition for review.

---

3. *See Matter of M—*, 9 I. & N. Dec. 118, 119 (B.I.A.1960) (Finding voluntary and timely retraction where an alien corrected his misrepresentation prior to the conclusion of his full statement and prior to any exposure of the attempted fraud).