**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1665

ALANA RAMSOONDAR,

              Petitioner,

         v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 12, 2009      Decided:  November 24, 2009

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jason Lee Pope, BERLIN & ASSOCIATES, P.A., Baltimore, Maryland, for Petitioner.  Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Aimee J. Frederickson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alana Ramsoondar, a native and citizen of Trinidad and Tobago, petitions for review of an order of the Board of Immigration Appeals ("Board") sustaining the Government's appeal and finding that she was not eligible for adjustment of status because she falsely claimed to be a United States citizen in order to gain employment. We deny the petition for review.

The Immigration and Nationalization Act ("INA") § 212(a)(6)(C)(ii) renders inadmissible "[a]ny alien who falsely represents . . . herself . . . to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law . . ." 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (2006). For aliens found to be inadmissible under this section, there is no available waiver. See 8 U.S.C. §§ 1159(c), 1182(a)(6)(C)(iii) and (i) (2006); see also Pichardo v. INS, 216 F.3d 1198, 1201 (9th Cir. 2000) ("This section is a non-waivable ground of inadmissibility."). An alien seeking private sector employment who falsely claims United States citizenship is seeking a benefit under the INA. See Theodros v. Gonzales, 490 F.3d 396, 400-02 (5th Cir. 2007). In Rodriguez v. Mukasey, 519 F.3d 773, 777 (8th Cir. 2008), the court found "that an alien who marks the 'citizen or national of the United States' box on a Form I-9 for the purpose of falsely representing himself as a citizen to

2

secure employment with a private employer has falsely represented himself for a benefit or purpose under the Act." See also Kechkar v. Gonzales, 500 F.3d 1080, 1084-85 (10th Cir. 2007).

Ramsoondar had the burden to show she was eligible for relief from removability. See 8 U.S.C. § 1229a(c)(2)(A) (2006) (The burden is on the alien to show she "is clearly and beyond doubt entitled to be admitted and is not inadmissible under section 1182 of this title."). Under 8 C.F.R. § 1240.8(d) (2009):

> The respondent shall have the burden of establishing that . . . she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion. If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.

Substantial evidence supports the finding that Ramsoondar's testimony indicated she falsely claimed to be a United States citizen in order to be employed and is thus ineligible for any waiver. Ramsoondar failed in her burden to show she did not falsely claim to be a citizen in order to receive a benefit under the INA. Factual findings by the Board "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B) (2006).  We find the record does not compel a contrary factual finding.

We further find the record does not support Ramsoondar's claim that she was otherwise eligible for employment authorization when she falsely claimed to be a United States citizen.

Accordingly, because substantial evidence supports the Board's finding and leads to the conclusion that Ramsoondar falsely claimed United States citizenship in order to gain employment, a benefit under the INA, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED