# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1961

_____

Tabitha Isabella Kanake

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 16, 2014
Filed: August 7, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Tabitha Kanake, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals (BIA), which upheld an immigration judge's (IJ) decision that Kanake was removable and ineligible for adjustment of status under the Immigration and Nationality Act because she failed to prove "*clearly and beyond doubt* that she did not falsely represent herself as a United States citizen for the

purpose of obtaining private employment." See 8 U.S.C. § 1255(a) (explaining a removable alien may seek adjustment of status but must be "admissible to the United States"); id. § 1182(a)(6)(C)(ii)(I) ("Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible."); Kirong v. Mukasey, 529 F.3d 800, 804 (8th Cir. 2008) (explaining the burden of proof is on the petitioner).

In exercising our jurisdiction "to review the predicate legal question whether the IJ and the BIA properly applied the law to the facts in determining an individual's eligibility," we review the BIA's conclusions of law de novo, granting substantial deference to the BIA's reasonable interpretation of statutes and regulations it administers. Rodriguez v. Mukasey, 519 F.3d 773, 776 (8th Cir. 2008) (quoting Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 906 (8th Cir. 2005)) (internal marks omitted). We review administrative factual findings, including credibility determinations, under the substantial evidence standard, accepting the findings as "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Ali v. Holder, 686 F.3d 534, 538 (8th Cir. 2012) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Having carefully reviewed the administrative record, we find no basis to grant the petition. First, we recently rejected the argument—repeated by Kanake here—that 8 U.S.C. § 1324a(b)(5) prohibits the government from using the contents of an employment eligibility verification form (I-9 Form) to prove a false claim to citizenship for the purpose of enforcing 8 U.S.C. § 1182(a)(6)(C)(ii)(I). See Downs v. Holder, ___ F.3d ___, ___, No. 13-1643, 2014 WL 3397788, at *2-3 (8th Cir. July 14, 2014). "'It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.'" Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (quoting Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam)).

Second, we conclude substantial evidence supports the decisive factual finding in this case that Kanake falsely represented herself as a United States citizen to obtain employment. See Hashmi v. Mukasey, 533 F.3d 700, 704 (8th Cir. 2008). The BIA properly relied on this fact in deciding Kanake was ineligible for adjustment of status. See Rodriguez, 519 F.3d at 777 ("[A]n alien who marks the 'citizen or national of the United States' box on a Form I-9 for the purpose of falsely representing himself as a citizen to secure employment with a private employer has falsely represented himself for a benefit or purpose under the Act.").

Accordingly, we deny the petition. See 8th Cir. R. 47B.

_____