# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2246
_____

Jose Guadalupe Ramirez Hernandez

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 4, 2016
Filed: February 12, 2016
[Unpublished]
_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.
_____

PER CURIAM.

Mexican citizen Jose Guadalupe Ramirez Hernandez (Ramirez) petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an

immigration judge's (IJ's) denial of his application for adjustment of status.[1]  When, as here, the BIA adopts and affirms the IJ's opinion, but adds reasoning of its own, this court reviews both decisions together.  See Rodriguez v. Mukasey, 519 F.3d 773, 776 (8th Cir. 2008).  Ramirez bore the burden of establishing clearly and beyond doubt that he was not inadmissible, and an alien is inadmissible if he falsely represents himself as a United States citizen for the purpose of, among other things, securing employment with a private employer.  See id. at 776-77.  We conclude that Ramirez failed to meet his burden because he admitted presenting the birth certificate and social security card of another person so he could obtain a South Dakota nondriver identification card he could use to obtain work; and he admitted knowing he could not obtain such a card by presenting his Mexican birth certificate.  See Hashmi v. Mukasey, 533 F.3d 700, 703 (8th Cir. 2008) (applying substantial-evidence test to IJ's finding that alien had not proven clearly and beyond doubt that his representation that he was a U.S. citizen was not made for purpose of securing employment; finding is supported by substantial evidence unless record would compel reasonable factfinder to reach contrary conclusion); cf. Rodriguez, 519 F.3d at 778 (petitioner obtained fraudulent documents after attempting to secure proper identification in his own name failed).  The petition for review is denied.

_____

[1]Ramirez has waived any challenge to the denial of his application for cancellation of removal.  See Wanyama v. Holder, 698 F.3d 1032, 1035 n.1 (8th Cir. 2012) (waiver of claims).