# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2526
_____

Israel Ely Ortiz-Matias

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States[1]

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 11, 2021
Filed: March 16, 2021
[Unpublished]
_____

Before SHEPHERD, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Israel Ely Ortiz-Matias petitions for review of an order of
the Board of Immigration Appeals (BIA), which dismissed his appeal from the

_____

[1]Merrick B. Garland is serving as Attorney General of the United States, and
is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

decision of an immigration judge denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Upon careful consideration, we conclude that Ortiz-Matias's challenge to the agency's jurisdiction over his removal proceedings is not properly before this court, see Ateka v. Ashcroft, 384 F.3d 954, 957 (8th Cir. 2004) (if petitioner fails to raise particular issue when he appeals to BIA, he has not exhausted administrative remedies); and in any event, it is without merit, Ali v. Barr, 924 F.3d 985-86 (8th Cir. 2019) (jurisdiction over removal proceedings vests when Notice to Appear (NTA) is filed with immigration court; under 8 C.F.R. § 1003.18(b), NTA must contain time, place, and date information for initial removal hearing only "where practicable"). We also conclude that substantial evidence supports the agency's determination that Ortiz-Matias was not entitled to asylum, because he did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. See De Castro-Gutierrez v. Holder, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review); Litvinov v. Holder, 605 F.3d 548, 553 (8th Cir. 2010) (asylum eligibility requirements; if asylum applicants do not establish past persecution, they must show fear of future persecution is both subjectively genuine and objectively reasonable); see also Cano v. Barr, 956 F.3d 1034, 1039 (8th Cir. 2020) (persecution "involves the infliction or credible threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic"; it is "an extreme concept that excludes low-level intimidation and harassment") (citations and alteration omitted). Substantial evidence also supports the agency's conclusion that Ortiz-Matias was not eligible for withholding of removal relief and CAT protection. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019) (under the CAT, noncitizen must show severe pain or suffering inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity); Guled v. Mukasey, 515 F.3d 872, 881-82 (8th Cir. 2008) (noncitizen who does not meet standard for asylum cannot meet more rigorous clear probability standard for withholding of removal); Ngure v. Ashcroft, 367 F.3d 975, 992 (8th Cir. 2004) (in

-2-

assessing CAT claim, all evidence relevant to the possibility of future torture should be considered, including, inter alia, applicant's ability to relocate to another area of the country where torture is unlikely).

The petition for review is denied.  <u>See</u> 8th Cir. R. 47B.

_____