# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2377

_____

| | | |
|---|---|---|
| Mohammad Faraz Hashmi, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an Order |
| v. | * | of the Board of Immigration |
| | * | Appeals. |
| Michael B. Mukasey, Attorney | * | |
| General of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: March 12, 2008
Filed: July 16, 2008

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Mohammad Faraz Hashmi petitions for review of the denial of his application for adjustment of status under 8 U.S.C. § 1229b. We deny the petition.

Hashmi, a citizen of Pakistan born in the United Arab Emirates, entered the United States in 2002 on a student visa to study at St. Cloud State University. An applicant for employment in the United States must complete an Employment Eligibility Verification form, which is supplied by the government and designated as Form I-9. Applying for a position at CompuCredit in March 2004, Hashmi checked

the box on the I-9 form to indicate that he was "a citizen or national of the United States." On August 23, 2004, Hashmi married a United States citizen.

On October 6, 2004, the United States charged that Hashmi was subject to removal from the United States for failing to comply with the conditions of his student visa. On January 11, 2005, the government added another charge that Hashmi had misrepresented himself to be a citizen of the United States for a purpose or benefit under the Immigration and Nationality Act. Hashmi conceded the first claim and disputed the second. To prevent removal on the conceded charge, Hashmi applied for an adjustment of status, to that of a permanent resident alien, on the basis of his marriage.

To qualify for adjustment of status, an alien must show, among other things, that he is "admissible for permanent residence." 8 U.S.C. § 1255(a). Our court has held that because such an alien is in a similar position to an alien seeking entry into the United States, the decision on adjustment is governed by the standard of proof pertaining to applicants for admission, 8 U.S.C. § 1229a(c)(2)(A), and the alien must therefore show "clearly and beyond doubt" that he is admissible. *Kirong v. Mukasey*, No. 07-1370, 2008 WL 2579195, at *3 (8th Cir. June 20, 2008). To demonstrate that he is admissible, the alien must prove that he did not falsely represent himself "to be a citizen of the United States for any purpose or benefit under" the Immigration and Nationality Act, for if he did so, then he is inadmissible. 8 U.S.C. § 1182(a)(6)(C)(ii)(I).

In a hearing before an immigration judge (IJ), Hashmi testified that he believed that he was a "national of the United States," because he thought the phrase included a person who was legally in the United States on a student visa. The IJ ultimately rejected the disputed charge of removability, finding that the government had not proven by clear and convincing evidence that Hashmi misrepresented himself to be a citizen when he completed the I-9 form. But the immigration judge also rejected

Hashmi's application for adjustment of status, finding Hashmi had not proven, clearly and beyond doubt, the converse proposition – i.e., that he did not make a false claim of citizenship on his I-9 form. On this basis, the IJ determined that Hashmi was "inadmissible" under 8 U.S.C. § 1182(a)(6)(C)(ii)(I), and thus ineligible for adjustment of status under 8 U.S.C. § 1255(a).

The BIA affirmed the IJ's decision without opinion, *see* 8 C.F.R. § 1003.1(e)(4), so we review the IJ's decision as the final action of the agency. *Aden v. Ashcroft*, 396 F.3d 966, 967 n.1 (8th Cir. 2005). We lack jurisdiction to review discretionary denials of adjustment of status, but we do review "the predicate legal question" of whether the IJ properly applied the law to the facts in determining the alien's eligibility for adjustment. *Rodriguez v. Mukasey*, 519 F.3d 773, 776 (8th Cir. 2008) (internal quotation omitted).

Hashmi's first argument on review is that a claim of citizenship made on an I-9 form to obtain employment is not a claim made for a "purpose or benefit" under the Immigration and Nationality Act. Hashmi's argument is foreclosed by this court's recent decision in *Rodriguez*, where we held that "an alien who marks the 'citizen or national of the United States' box on a Form I-9 for the purpose of falsely representing himself as a citizen to secure employment with a private employer has falsely represented himself for a benefit or purpose under the Act." *Id.* at 777.

Hashmi's other contention is that his representation that he was a "citizen or national of the United States" was not made *for the purpose* of falsely representing himself *as a citizen* to secure employment. The IJ found that Hashmi had not proven this point clearly and beyond doubt, and we must accept this finding as long as it is supported by substantial evidence. *Id.* at 776. A finding is supported by substantial evidence unless the record would compel a reasonable factfinder to reach the contrary conclusion. 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).

Hashmi argues that his claim to be a "citizen or national of the United States" does not demonstrate that he represented himself to be a *citizen*, because he may have claimed only to be a national, and a false claim to be a non-citizen national would not make him inadmissible. *See Rodriguez*, 519 F.3d at 776. Hashmi testified that when he filled out the form, he thought any person legally in the United States was a "national of the United States."[1] Because the I-9 form is phrased in the disjunctive, it is theoretically possible that an alien who has checked the "citizen or national" box has not represented himself to be a citizen. In any given case, the significance of the form may depend on the credibility of the alien's testimony concerning his intent in checking the box. In *Ateka v. Ashcroft*, 384 F.3d 954 (8th Cir. 2004), for example, we upheld an IJ's determination that the alien was not credible when he claimed that he thought his checking of the "citizen or national" box might be a truthful representation that he was a non-citizen national. *Id*. at 957. The IJ in this case, citing *Ateka*, declined to credit Hashmi's testimony that he intended merely to represent on the I-9 form that he was a non-citizen national. We conclude that there is substantial evidence to support the IJ's determination.

In addition to the I-9 form, the government produced evidence that Hashmi falsely told his employer that he was born in Washington state, and that he had the right to work in the United States. (A.R. 179, 184). Hashmi admitted at the hearing that he knew a person born in the United States is a United States citizen, (A.R. 109-10), so his claim to a birthplace in Washington is consistent with a claim to be a citizen, not merely a non-citizen national. More to the point, in a "new hire" form completed for his employer, Hashmi checked a box asserting directly that he was "a

---

[1]In reality, a national of the United States is a citizen of the United States or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). The latter category is now apparently limited to residents of American Samoa and Swains Island. *Hampton v. Mow Sun Wong*, 426 U.S. 88, 90 n.1 (1976); *Miller v. Albright*, 523 U.S. 420, 467 n.2 (1998) (Ginsburg, J., dissenting).

-4-

U.S. citizen." (A.R. 186). For his part, on the other hand, Hashmi offered no persuasive evidence that he represented himself elsewhere to be a non-citizen "national," even under his idiosyncratic definition of the term. He did not even deny directly at the hearing that he intended to represent on the I-9 form that he was a citizen; he testified only that he believed he was a national when he filled out the form. (A.R. 107, 111, 113-14).

Hashmi bore the burden of proof to show clearly and beyond doubt that he did not falsely claim on the I-9 form to be a citizen. Particularly in view of Hashmi's other false representations that he was born in the United States and that he was a United States citizen, the record as a whole does not compel the conclusion that Hashmi met his burden. Accordingly, substantial evidence supports the IJ's determination that Hashmi was inadmissible for permanent residence, and that he was therefore ineligible for adjustment of status.

The petition for review is denied.

_____