**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0395n.06

No. 12-3858

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

RAJESH KUMAR YEMULA,              )
                                     )
       Petitioner,              )
                                     )     ON PETITION FOR REVIEW
v.                                )     FROM THE UNITED STATES
                                   )     BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,  )     APPEALS
                                   )
       Respondent.              )
                                   )

**FILED**
*Apr 22, 2013*
DEBORAH S. HUNT, Clerk

BEFORE: GRIFFIN and KETHLEDGE, Circuit Judges; ZATKOFF, District Judge.[*]

PER CURIAM. Rajesh Kumar Yemula, a citizen of India, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his applications for adjustment of status and cancellation of removal under 8 U.S.C. §§ 1255 and 1229b(b)(1).

Yemula was born in India in 1966. He entered this country on a student visa in 1991. He obtained a masters degree in computer science. He twice married United States citizens. Following his second marriage, Yemula's wife applied for a visa on his behalf so that he could adjust his status. At an interview, Yemula was asked if he had ever misrepresented himself to be a United States citizen. Yemula replied that he had done so in order to be hired at his last two jobs. Yemula's

---

[*]The Honorable Lawrence P. Zatkoff, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

counsel interrupted him and advised him that, if he was not sure of his answers, he should withdraw his application for adjustment of status. Yemula did withdraw that application. He was then issued a notice to appear, charging him with failing to maintain his student status and falsely representing himself to be a United States citizen. Yemula admitted that he had failed to maintain his student status, but denied the charge of falsely representing himself to be a United States citizen. A hearing was held on that charge, after which the IJ concluded that the government had not borne its burden of proving that charge (the government's evidence was an I-9 form from 2000 on which a box had been checked indicating that Yemula was a national or citizen). However, because he was removable for not having maintained his student status, Yemula applied for the above relief.

Another hearing was held, at which Yemula testified that he did not remember marking the box on the I-9 form in 2000, and did not believe that he would have done so. When questioned about why he had withdrawn his application during the interview after being asked whether he had misrepresented himself to be a United States citizen, he testified that he did so on counsel's advice and because he did not know what an I-9 form was. Yemula also introduced a letter from a handwriting expert who opined that it was not possible to tell who had checked the box on the I-9 form, but nevertheless concluded that Yemula had not done so. In support of the application for cancellation of removal, Yemula and his wife testified that the wife and her two U.S. citizen children would face exceptional and extremely unusual hardship if Yemula were deported, because he was the main breadwinner and the family would be separated. The IJ denied adjustment of status, finding Yemula not credible in his testimony denying having falsely claimed to be a United States citizen, and therefore inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). The IJ also denied cancellation of

removal, finding that Yemula has not demonstrated exceptional and extremely unusual hardship. The BIA dismissed Yemula's appeal from the IJ's decision.

This court granted Yemula's motion for a stay of removal, citing the apparent conflict between the finding that he was not removable for falsely representing himself to be a United States citizen, and the finding that he was inadmissible on the same ground.

Yemula challenges the IJ's finding that his testimony regarding whether he had falsely represented himself as a United States citizen was not credible. We review a credibility finding for substantial evidence, which may include the IJ's observation of the applicant's demeanor, candor, and responsiveness. *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). Here, the IJ relied on these factors and Yemula has not shown that the IJ's observations do not constitute substantial evidence. Moreover, the IJ relied on the crucial evidence that Yemula admitted falsely representing himself as a United States citizen in order to obtain employment when he was initially interviewed for adjustment of status. His explanation of why he withdrew that application following his admission was not persuasive. He did rely on advice of counsel, but not because he did not know what an I-9 form was, which was not the question posed to him at that interview. Yemula also faults the IJ's rejection of his handwriting expert's opinion, but the reason for that was amply explained by the lack of any basis for concluding that Yemula did not check the box on the I-9 form.

Yemula also relies on *United States v. Karaouni*, 379 F.3d 1139, 1143 (9th Cir. 2004), for the proposition that checking the box on an I-9 form indicating that one is a citizen or national of the United States is insufficient to establish a false claim to United States citizenship. However, *Karaouni* was a criminal case and penal statutes must be strictly construed in favor of the defendant.

Here, it was Yemula's burden to prove that he was admissible clearly and beyond doubt. *Hashmi v. Mukasey*, 533 F.3d 700, 702 (8th Cir. 2008). The checked box on Yemula's I-9 form weighed against him and, coupled with his admission in the interview, caused him not to meet his burden on this issue. The fact that Yemula was not found removable for falsely representing himself to be a United States citizen, but was found inadmissible for the same reason, is also explained by the burden of proof. The government has the burden of proving grounds for removal, and the applicant has the burden of proving admissibility. On the same facts, other cases have upheld these seemingly contradictory conclusions. *Id*. at 703-04; *Kirong v. Mukasey*, 529 F.3d 800, 802-05 (8th Cir. 2008). In *Kirong*, the applicant, like Yemula, was unable to explain the difference between a citizen and a national, and was found not to have met the burden of proof that he clearly and beyond doubt had not falsely claimed United States citizenship. *Kirong*, 529 F.3d at 805. An alien was also found inadmissible in another similar case, where he admitted in his interview that he has represented himself as a citizen on an I-9 form. *Ateka v. Ashcroft*, 384 F.3d 954, 957 (8th Cir. 2004).

In summary, given the burden of proof on the applicant to establish his admissibility, and Yemula's failure to establish that he had not falsely claimed United States citizenship, we deny the petition for review of the decision denying him adjustment of status.

With regard to the denial of cancellation of removal, Yemula challenges only the discretionary determination that he did not establish that his family would suffer exceptional and extremely unusual hardship. We lack jurisdiction to review that determination and, accordingly, dismiss the petition for review of the denial of cancellation of removal. *See Ettienne v. Holder*, 659 F.3d 513, 518-19 (6th Cir. 2011).