# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1558

_____

Cyprian Mayemba

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

No. 13-2469

_____

Cyprian Mayemba

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.
_____

BYE, Circuit Judge.

Cyprian Mayemba petitions for review of the decision of the Board of Immigration Appeals ("BIA") finding him removable and inadmissible based on his representation of United States citizenship in a Form I-9 employment verification form and the BIA's denial of his motion for reconsideration. We deny the consolidated petitions for review.

Mayemba is a native and citizen of Tanzania. He came to the United States on January 6, 2001, under an F-1 nonimmigrant, student visa to pursue his education at Wichita State University in Wichita, Kansas. Unfortunately, after the unexpected death of his father, Mayemba was unable to afford enrolling at Wichita State. He remained in the country, however, and, on April 13, 2004, he married NaCeea Johnson (now Mayemba). Soon after, they had a child, and Mrs. Mayemba filed a family-based, immediate-relative I-130 visa petition on behalf of Mayemba. Mayemba simultaneously filed an I-485 application to adjust his status. The I-130 petition was approved; however, United States Citizenship and Immigration Services denied the I-485 application, finding Mayemba to be inadmissible based on a prior false claim of United States citizenship in a June 2001 application for admission to a technical college.

On June 1, 2009, the Department of Homeland Security ("DHS") issued a Notice to Appear to Mayemba, charging him with removability under 8 U.S.C.

§§ 1227(a)(3)(D) and 1227(a)(1)(C)(i). As amended, the Notice to Appear alleged Mayemba:

> 1) was not a citizen or national of the United States;
> 2) was a native and citizen of Tanzania;
> 3) was admitted to the United States on or about January 6, 2001, as an F-1 student;
> 4) admitted to a violation of his nonimmigrant status by working without authorization;
> 5) was employed for wages at Schowalter Villa in Hesston, Kansas without proper authorization; and
> 6) represented himself to be a United States citizen on or about June 3, 2003, to gain employment at Schowalter Villa in Hesston, Kansas.

In the removal proceeding, Mayemba admitted allegations 1, 2, 3, and 5 but denied allegations 4 and 6. He conceded removability under § 1227(a)(1)(C)(i) but denied the false-claim charge under § 1227(a)(3)(D). Additionally, he indicated his intent to seek adjustment of status based on the approved I-130 petition.

After a hearing on the contested issues, on February 18, 2011, the immigration judge ("IJ") made an oral decision sustaining the charges of removability and denying Mayemba's application for adjustment of status. The IJ overruled Mayemba's objections to the admission of the Form I-9, rejected Mayemba's claim he had been told to mark the checkbox on the Form I-9 and application for admission into the technical college, found the DHS met its burden of demonstrating Mayemba was removable, and found Mayemba failed to meet his burden of showing he was admissible.

Mayemba then petitioned for review to this court and concurrently filed a motion for reconsideration with the BIA, which was denied on June 17, 2013. In denying Mayemba's motion, the BIA noted Mayemba did not contest the charge of removability under § 1227(a)(1)(C)(i), reaffirmed its conclusion the Form I-9 was

admissible in the proceeding, and affirmed its decision Mayemba was removable under § 1227(a)(3)(D). Mayemba then petitioned for review of the BIA's decision on his motion for reconsideration, and the two cases were consolidated.

"We review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency decision." Davila-Mejia v. Mukasey, 531 F.3d 624, 627 (8th Cir. 2008). The BIA's legal determinations are reviewed *de novo*, but the Court accords "'substantial deference to the BIA's interpretation of the statutes and regulations it administers.'" Spacek v. Holder, 688 F.3d 536, 538 (8th Cir. 2012) (quoting Davila-Mejia, 531 F.3d at 627).

"It is well settled that 'an immigration judge is in the best position to make credibility findings because he or she sees the witness as the testimony is given.'" Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir. 2005) (quoting Mayo v. Ashcroft, 317 F.3d 867, 871 (8th Cir. 2003)). Thus, "[t]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Goswell-Renner v. Holder, 762 F.3d 696, 699 (8th Cir. 2014) (citing 8 U.S.C. § 1252(b)(4)(B) and INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).

On appeal, Mayemba argues (1) as a matter of law a representation in a Form I-9 cannot be the basis for a false claim of United States citizenship in a removal proceeding; and (2) even if it can, Mayemba's disjunctive representation of "citizen or national" cannot be a false claim of United States citizenship.

With regard to the first issue, Mayemba asserts, based on the statutory language and legislative history, Form I-9 has a very limited purpose such that it may not be used in removal proceedings. Distilled to its core, the argument centers on whether the statute's reference to "Act" refers to the INA or the Immigration Reform and Control Act of 1986 ("IRCA"). Mayemba believes it refers to the IRCA. We very

recently rejected this exact argument in a similar case argued by Mayemba's attorney. See Downs v. Holder, 758 F.3d 994, 997 (8th Cir. 2014) (holding that because "Section 274A(b)(5) is a section of the INA, the plain and unambiguous meaning of the reference to 'this Act' is to the INA" and that "INA § 274A(b)(5) allows the admission of I-9 forms into evidence in removal proceedings"). Mayemba fails to distinguish Downs in any way, and we continue to believe its reasoning is sound. Accordingly, we again reject this argument.

As to Mayemba's second argument, although the government addressed the issue at oral argument, Mayemba did not pursue it. Because we cannot be sure Mayemba has abandoned the issue, we construe his written submission as an argument that the BIA erred in finding him inadmissible and briefly discuss it.[1]

An alien is inadmissible if he "falsely represents, or has falsely represented, himself . . . to be a citizen of the United States for any purpose or benefit under [the Act]." See 8 U.S.C. § 1182(a)(6)(C)(ii). With respect to his adjustment of status and showing of admissibility, Mayemba had the burden of showing clearly and beyond a doubt he was admissible. See Hashmi v. Mukasey, 533 F.3d 700, 704 (8th Cir. 2008).

As a matter of law, we agree with Mayemba the mere fact he checked the disjunctive citizenship box on the Form I-9 alone cannot be sufficient to demonstrate a false claim of United States citizenship. See Rodriguez v. Mukasey, 519 F.3d 773, 776-77 (8th Cir. 2008) (explaining that by checking the box, a "person ambiguously represents that he is either a citizen or a national" and that "[a] false representation by an alien that he is a national of the United States would not make him inadmissible . . . ."); Hashmi, 533 F.3d at 704 (reiterating it is possible "an alien who has checked the 'citizen or national' box has not represented himself to be a citizen"). However,

---

[1]Because Mayemba conceded removability under § 1227(a)(1)(C)(i), and has not challenged it on appeal, we need not address it.

-5-

additional evidence may "support a finding that the alien marked the 'citizen or national of the United States' box on a Form I-9 with the purpose of representing himself as a citizen, not a national." Rodriguez, 519 F.3d at 777; see also Hashmi, 533 F.3d at 704 (explaining that "[i]n any given case, the significance of the form may depend on the credibility of the alien's testimony concerning his intent in checking the box").

In this case, additional evidence supports the BIA's finding Mayemba failed to meet his burden of showing he did not make a false claim of United States citizenship. For example: 1) Mayemba had unambiguously represented himself to be a United States citizen in the Wichita technical college application for admission; 2) the application for admission specifically directed Mayemba to stop the application and contact the admissions office if he was not a United States citizen–something he did not do; 3) he testified at the time he filled out the application he knew he was not a United States citizen;[2] 4) Mayemba testified he knew a person born in the United States is a United States citizen; 5) Mayemba introduced no evidence showing he believed he was a noncitizen national; to the contrary, he testified he did not know what it meant to be a national. Because substantial evidence supports the BIA's finding Mayemba failed to meet his burden of showing he did not make a false claim of United States citizenship, he did not prove he was admissible. See Rodriguez, 519 F.3d at 777 (considering fact the petitioner "did not testify and [did] not argue that he meant to indicate that he was a national" and rejecting the petitioner's argument he did not "understand what it meant when he marked the 'citizen [or] national of the United States' box"); Kirong v. Mukasey, 529 F.3d 800, 804-05 (8th Cir. 2008) (finding substantial evidence supported the determination of inadmissability because the petitioner "testified that he did not know what a national was and also that a

_____

[2]Although the application for admission was not the basis for the false claim of United States citizenship, it may still be relevant evidence of Mayemba's intent in marking the checkbox on the Form I-9 as it relates to whether he was admissible.

citizen was a person born in the United States[, and] [h]e knew that he was not born in the United States and was not a United States citizen"); Hashmi, 533 F.3d at 704 (upholding inadmissibility determination because the petitioner had unambiguously represented in another employer form he was a United States citizen and because he "admitted at the hearing that he knew a person born in the United States is a United States citizen").

Finally, as to Mayemba's appeal of the BIA's denial of his motion for reconsideration, such motions are reviewed for an abuse of discretion.  See, e.g., INS v. Doherty, 502 U.S. 314, 323 (1992).  "The BIA abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence."  Mshihiri v. Holder, 753 F.3d 785, 789 (8th Cir. 2014) (internal quotation marks omitted).  Mayemba did not present any meaningful argument on the issue and we find no abuse of discretion.

For these reasons, the petitions for review are denied.

_____