# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1099

_____

William Muiruri

*Petitioner*

v.

Loretta E. Lynch

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 22, 2015
Filed: October 14, 2015

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

The Board of Immigration Appeals found William Muiruri removable under INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D). He appeals. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

Muiruri, a native of Kenya, overstayed his student visa. Immigration officials apprehended him. In a sworn statement, Muiruri admitted to falsely representing

himself as a U.S. citizen. The Department of Homeland Security charged him with two counts of removability: (1) overstaying his visa in violation of INA 237(a)(1)(C)(I), and (2) falsely representing himself as a U.S. citizen in violation of INA 237(a)(3)(D). He applied for adjustment-of-status based on marriage to a U.S. citizen. The immigration judge held four hearings and issued one relevant order.

At the first hearing, the judge informed Muiruri of the statutory rights in 8 C.F.R. § 1240.10(a). At the second hearing, he entered pleadings as required by § 1240.10(c). Muiruri conceded the first count of removability, but denied falsely representing himself as a U.S. citizen—which would ban him from reentering the United States. The judge then scheduled a "removal hearing" on the false-representation and adjustment-of-status claims.

A month before the removal hearing, Muiruri filed a "Motion to Suppress." He argued he had been illegally searched and seized, and his sworn statement coerced. He further alleged a lack of sufficient evidence for the false-representation charge. In the Motion's prayer for relief, Muiruri requested that the judge either suppress all evidence from the unlawful search, seizure, and interrogation, or order an evidentiary hearing on the Motion. Finally, Muiruri requested that "should the Court decide against either of the above, it should consider the evidence and argument presented herein as it relates to a finding under INA 237(a)(3)(D) (False claim to citizenship)." Two weeks later, the government submitted "to be considered by the Immigration Court at [Muiruri's] hearing" I-9 forms and an employment application. In each, Muiruri checked the box indicating U.S. citizenship. On March 14, 2013—a week before the removal hearing—the immigration judge issued an order denying the Motion to Suppress and finding a violation of INA 237(a)(3)(D).

On March 22—the originally scheduled "removal hearing"—Muiruri acknowledged that the March 14 decision mooted his adjustment-of-status claim. The immigration judge granted Muiruri's request for a fourth and final hearing.

There, Muiruri told the immigration judge he would not pursue a withholding-of-removal claim but would appeal the March 14 decision. The BIA affirmed.

This court has jurisdiction to review the BIA's decisions. **8 U.S.C. § 1252**. Where, as here, the BIA adopts the immigration judge's opinion and adds reasoning and analysis, this court reviews both decisions. *La v. Holder*, 701 F.3d 566, 570 (8th Cir. 2012). Review is limited to the administrative record. **§ 1252(b)(4)(A)**. This court reviews factual findings for substantial evidence. *Bernal-Rendon v. Gonzales*, 419 F.3d 877, 880 (8th Cir. 2005). A finding is supported by substantial evidence unless the record would compel a reasonable fact-finder to reach the contrary conclusion. **§ 1252(b)(4)(B)**. Questions of law and constitutional questions are reviewed *de novo*; the BIA's interpretation of immigration laws and regulations receives substantial deference. *See Habchy v. Gonzales*, 471 F.3d 858, 862 (8th Cir. 2006); *Bernal-Rendon*, 419 F.3d at 880.

I.

Muiruri argues that he was denied a merits hearing on the false-representation charge in violation of the Fifth Amendment's due process clause, the INA, and agency regulations.

Aliens "are entitled to the Fifth Amendment's guarantee of due process of law in deportation proceedings," which means that proceedings must be "fundamentally fair." *Al Khouri v. Ashcroft*, 362 F.3d 461, 464 (8th Cir. 2004), *citing Reno v. Flores*, 507 U.S. 292, 306 (1993). The alien must have the opportunity to fairly present evidence, offer arguments, and develop the record. *Tun v. Gonzales*, 485 F.3d 1014, 1025 (8th Cir. 2007), *citing* **8 U.S.C. § 1229a(b)(4)(B)**, **8 C.F.R. § 1240.10(a)(4)**. A due process violation requires both a fundamental procedural error and actual prejudice. *Al Khouri*, 362 F.3d at 466.

Under the INA and implementing regulations, the immigration judge "shall direct a hearing on the issues" if an alien denies a charge of removability. **8 C.F.R. § 1240.10(c)**. And, the removal decision must be based on "evidence produced at the hearing**." 8 U.S.C. § 1229a(c)(1)(A)**.

According to Muiruri, the immigration judge violated due process, the INA, and agency regulations by issuing the false-representation decision before the removal hearing. Muiruri further contends that the lack of a hearing prejudiced him by precluding him from cross-examining witnesses and entering evidence.

Each argument has been forfeited. In Muiruri's Motion, the "Prayer for Relief" states:

> For the foregoing reasons, the Respondent respectfully requests that the Court suppress all evidence obtained during or as a result of the unlawful search and seizure and interrogation, i.e. questioning when intoxicated. In the alternative, this Court should order an evidentiary hearing to determine whether to grant this Motion to Suppress. *Finally, should the Court decide against either of the above, it should consider the evidence and argument presented herein as it relates to a finding under INA 237(a)(3)(D) (False claim to citizenship).*

The immigration judge denied the Motion to Suppress, denied the request for a hearing on it, and granted Muiruri's third request—a decision on the false-representation charge based on the evidence presented in the Motion. Muiruri never objected to this course of action at the two later hearings. He did not ask for a hearing, complain that he had not received a hearing, or in any way indicate he wanted a hearing.

"An error . . . even one affecting a constitutional right, is forfeited—that is, not preserved for appeal—'by the failure to make timely assertion of the right.'" ***United States v. Pirani***, 406 F.3d 543, 549 (8th Cir. 2005) (en banc), *quoting **United States v. Olano***, 507 U.S. 725, 731 (1993).  The possibility of forfeiture discourages "the practice of 'sandbagging':  suggesting or permitting, for strategic reasons, that the trial court pursue a certain course, and later—if the outcome is unfavorable—claiming that the course followed was reversible error." ***Freytag v. Commissioner***, 501 U.S. 868, 895 (1991) (Scalia, J., concurring).  Here, Muiruri requested the immigration judge to follow a certain course; the judge did so and Muiruri did not object.

Because Muiruri forfeited his right to a hearing, his due process, statutory, and regulatory violation arguments fail.[1]

II.

The government bears the burden of proving "by clear and convincing evidence" that an alien is deportable.  **8 U.S.C. § 1229a(c)(3)(A)**.  An alien is deportable if he "falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any Federal or State law. . . ."  **8 U.S.C. § 1227(a)(3)(D)(i)**.  Muiruri challenges the false-representation finding for lack of substantial evidence, asserting that the judge should not have relied on the submitted I-9 forms.

---

[1]Muiruri also contends that because 8 C.F.R. § 1240.10(c) protects fundamental rights, he only needs to prove a violation, and not prejudice.  *See discussion in **Leslie v. Attorney Gen.***, 611 F.3d 171, 175-80 (3d Cir. 2010), *cited in **Puc-Ruiz v. Holder***, 629 F.3d 771, 780 (8th Cir. 2010).  Even assuming all of Muiruri's premises, he did not raise this  argument to the BIA.  The argument has not been preserved and is not addressed by this court. *See **Martinez Carcamo v. Holder***, 713 F.3d 916, 925 (8th Cir. 2013).

"[A]n alien who marks the 'citizen or national of the United States' box on a Form I-9 *for the purpose of falsely representing himself as a citizen* to secure employment with a private employer has falsely represented himself for a purpose or benefit under the [INA]." ***Rodriguez v. Mukasey***, 519 F.3d 773, 778 (8th Cir. 2008) (emphasis added). This marking alone, however, does not necessarily establish a false representation as a *citizen*. ***Mayemba v. Holder***, 776 F.3d 542, 545 (8th Cir. 2015). "Because the I-9 form is phrased in the disjunctive, it is theoretically possible that an alien who has checked the 'citizen or national' box has not represented himself to be a citizen." ***Hashmi v. Mukasey***, 533 F.3d 700, 703-04 (8th Cir. 2008).[2]

Despite the disjunctive "citizen or national" box on an I-9 form, additional evidence may support a finding that the alien had the purpose of representing himself as a citizen (not a national). ***Mayemba***, 776 F.3d at 546. Here, the government submitted an employment application where Muiruri checked the "yes" box in response to the question: "Are you a citizen of the United States?" Muiruri also admitted, in a sworn statement, falsely representing himself as a U.S. citizen. The record as a whole does not compel the conclusion that Muiruri did not falsely represent himself as a U.S. citizen.

\* \* \* \* \* \* \*

The petition for review is denied.

_____

---

[2]In addition to the three disjunctive I-9 forms, the government submitted a revised I-9 form where Muiruri checked the "U.S. citizen" box.