# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1285

_____

Weidong Sun

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 26, 2017
Filed: October 4, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Chinese citizen Weidong Sun petitions for review of a Board of Immigration Appeals (BIA) order affirming, without opinion, an Immigration Judge's (IJ's) June 2016 decision denying his second motion seeking to rescind a removal order entered in absentia, and to reopen proceedings (motion to rescind/reopen).  See Hashmi v. Mukasey, 533 F.3d 700, 703 (8th Cir. 2008) (where BIA affirms IJ's decision without

opinion, this court reviews IJ's decision as final agency action). Sun's second motion to rescind/reopen was based on his claim that his second attorney provided ineffective assistance of counsel. In his brief to this court, Sun has not presented any argument as to why the rejection of his ineffective-assistance claim was error. Thus, he has waived the issue. See Lemus-Arita v. Sessions, 854 F.3d 476, 479 n.2 (8th Cir. 2017) (waiver).

Sun's brief seeks to challenge only the basis for the IJ's November 2015 order denying his first motion to rescind/reopen. This court lacks jurisdiction to review the November 2015 order, however, because Sun did not appeal the denial to the BIA. See 8 U.S.C. § 1252(d)(1) (alien must exhaust all available administrative remedies before court may review final order of removal); Baltti v. Sessions, 862 F.3d 718, 722-23 (8th Cir. 2017) (alien must pursue all stages of administrative review, and also raise all issues before agency); see also 8 C.F.R. § 1003.39 (except when certified to BIA, IJ's decision becomes final upon expiration of time to appeal if no appeal is taken). The petition for review is dismissed for lack of jurisdiction.

_____