# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1580
_____

Ger Lee

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 13, 2017
Filed: November 16, 2017
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Ger Lee, a native of Thailand and a citizen of Laos, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge (IJ), which denied him asylum, withholding of removal, cancellation of removal, and relief under the Convention Against Torture (CAT). In his pro se brief, Lee asserts that (1) he was erroneously denied review by

a three-member BIA panel; (2) delays in the removal proceedings violated the Speedy Trial Act, 18 U.S.C. § 3161; (3) the IJ relied on unreliable government information regarding his father; (4) he will be tortured in Thailand or Laos due to his "stateless person" status; and (5) his due-process and constitutional rights were violated because (a) the IJ abandoned her neutral fact-finder role by according more weight to country reports than to his testimony, and (b) his hearing was not fundamentally fair.[1]

To the extent that Lee's brief can be read to claim a due-process violation, we conclude that the BIA did not deprive Lee of fundamental fairness by referring his appeal to a single member, see Loulou v. Ashcroft, 354 F.3d 706, 708-09 (8th Cir. 2003). We further conclude that Lee's speedy-trial contentions are precluded by a prior district court dismissal with prejudice of an identical claim in his 28 U. S. C. § 2241 petition. See Lee v. Immigration Enforcement Customs, 2017 WL 4174426 (D. Minn. July 21, 2017) (slip copy); see also Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999) (issue actually decided in non merits dismissal is given preclusive effect in subsequent action between same parties).

Likewise, we conclude that Lee's various remaining due-process claims are baseless and fail to identify any fundamental procedural error or resulting actual prejudice. See Muiruri v. Lynch, 803 F.3d 984, 986 (8th Cir. 2015).

Finally, construing them as challenges to the IJ's denial of CAT relief, we find Lee's assertions that he is a "stateless person" and that the government information was unreliable, unavailing. Any inaccuracies in the government's information regarding Lee's father were not necessary to the IJ's findings, as she based her denial

---

[1]Lee does not meaningfully contest his (1) his removability; or (2) the IJ's findings that he was statutorily ineligible for asylum, withholding of removal, and cancellation of removal; thus, those issues are waived. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

on the lack of evidence showing that Lee would be tortured if he were returned to Laos or Thailand.  The evidence was not so compelling that any reasonable factfinder would have found Lee had met his burden of proof, and Lee's status as a "stateless person" did not excuse his burden to show why he would be tortured if he were returned to either country.  See Osonowo v. Mukasey, 521 F.3d 922, 928 (8th Cir. 2008) (standard of review; alien must establish that it is more likely than not that he would be tortured in country of removal); cf. Agha v. Holder, 743 F.3d 609, 618 (8th Cir. 2014) (rejecting alien's argument that, as stateless person, he was entitled to asylum because no government would accept him; plain language of 8 U.S.C. § 1101(a)(42)(a) required stateless person to show same well-founded fear of persecution as individual with nationality).  The petition is denied.  See 8th Cir. R. 47B.

_____