# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1799
_____

Damaris Yeneseika Pineda Pineda; Allison Noamy Segura-Pineda

*Petitioner*s

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 17, 2018
Filed: July 13, 2018
[Unpublished]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizens Damaris Pineda Pineda and her daughter Allison Segura-Pineda (collectively, the Pinedas) petition for review of the Board of Immigration Appeals's (BIA) dismissal of their administrative appeal in which they alleged a violation of their due process rights. We deny their petition for review.

I. Background

The Pinedas entered the United States without valid entry documents in May 2014. When removal proceedings were initiated against them, they admitted they were removable, but applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] At the administrative hearing, Damaris testified about her political affiliations and extensive experience campaigning for various local Guatemalan officials. During Damaris's testimony, the immigration judge interrupted her to ask, "When are we going to get to the persecution in this case? We've been at this for about an hour and a half now and we haven't once talked about anything bad happening to [Damaris]. . . . [L]et's get to it."

Damaris then testified that Roberto Garcia Pineda, for whom she had campaigned previously, asked her to work on another campaign for him, but she declined. She claimed that Garcia Pineda threatened to kill her at gunpoint, that his associates started extorting money from her and shooting at her house at night, and that, three and a half years later, she and Allison fled to the United States. The government then cross-examined Damaris, the immigration judge questioned her, and she provided additional testimony on redirect.

The immigration judge denied asylum, withholding of removal, and CAT relief, finding Damaris's testimony not credible after identifying several inconsistencies. The Pinedas appealed to the BIA, arguing that the immigration judge had violated their due process rights by limiting Damaris's hearing testimony. More specifically, they contended that the immigration judge had started the hearing more than an hour after it was scheduled to begin, "rushed the proceeding by directing [their] counsel to jump ahead in the testimony," and thereby "excessively limited key facts and

---

[1]Allison's asylum claim is derivative of Damaris's.

testimony." The BIA dismissed the appeal, reasoning that the immigration judge's "overall conduct and questioning was within proper judicial bounds."

## II. Discussion

"In removal proceedings, the Due Process Clause entitles an alien to a fair hearing." Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007). "To establish a due process violation in a removal hearing, an alien must demonstrate both a fundamental procedural error and prejudice." Alva-Arellano v. Lynch, 811 F.3d 1064, 1066 (8th Cir. 2016). We review due process claims in immigration proceedings de novo. Zacarias-Velasquez, 509 F.3d at 435. "We review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or the reasoning of the [immigration judge], we also review the [immigration judge's] decision as part of the final agency decision." Mayemba v. Holder, 776 F.3d 542, 544 (8th Cir. 2015) (quoting Davila-Mejia v. Mukasey, 531 F.3d 624, 627 (8th Cir. 2008)).

First, the Pinedas have not shown a fundamental procedural error. "For a removal hearing to be fair, the arbiter presiding over the hearing must be neutral and the immigrant must be given the opportunity to fairly present evidence, offer arguments, and develop the record." Zacarias-Velasquez, 509 F.3d at 434 (cleaned up); see also 8 U.S.C. § 1229a(b)(4)(B) (in a removal hearing, "the alien shall have a reasonable opportunity . . . to present evidence on the alien's own behalf"). But, "[i]mmigration judges have broad discretion to control the manner of interrogation to get at the truth." Shoaira v. Ashcroft, 377 F.3d 837, 843 (8th Cir. 2004); see also 8 C.F.R. § 1240.1(c) (in removal proceedings, immigration judges "shall receive and consider material and relevant evidence, rule upon objections, and otherwise regulate the course of the hearing"). After the immigration judge instructed her to "get to" the topic of persecution, Damaris continued to testify on direct, the government then cross-examined her, the immigration judge questioned her, and she provided further

testimony on redirect. The Pinedas had a full and fair opportunity to present evidence in support of their claims at their administrative hearing.

Moreover, the Pinedas have not shown that they were prejudiced by any limitations the immigration judge may have placed on Damaris's testimony. "In this context, prejudice means a showing that the outcome of the proceeding might well have been different had there not been any procedural irregularities." Tun v. Gonzales, 485 F.3d 1014, 1026 (8th Cir. 2007). "This standard does not require petitioners to show by a preponderance that, but for the procedural infirmities, the result of the proceedings would have been different. Rather, petitioners must demonstrate an error that potentially affects the outcome or had the potential for affecting the outcome." Id. (cleaned up). The Pinedas have not identified any evidence they were prevented from submitting that might have affected the outcome of their cases. In their view, the immigration judge prevented Damaris from coming across as a credible witness and from providing additional details about their flight to the United States. But they have not shown how this additional testimony might have explained, or otherwise overcome, the inconsistencies between the record documents and the testimony Damaris did give. In short, they have not identified any evidence that might have bolstered Damaris's credibility notwithstanding the shortcomings in her testimony.

III. Conclusion

Accordingly, the petition for review is denied.

_____