# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-1400

———————————————

Christine Chernosky

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

—————————

Petition for Review of an Order of the
Board of Immigration Appeals

—————————

Submitted: May 17, 2018
Filed: July 26, 2018

—————————

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

—————————

KELLY, Circuit Judge.

Canadian citizen Christine Chernosky petitions for review of the Board of Immigration Appeals's (BIA) denial of her application for adjustment of status. We deny her petition for review.

In January 2004, Chernosky entered the United States on a six-month, non-immigrant visitor visa. She applied for a Minnesota driver's license, using an application form that included a section that allowed applicants to register to vote by checking three boxes: (1) stating the applicant is a United States citizen; (2) who will be at least 18 by the next election; and (3) requesting to be registered to vote. The voter-registration section also required an additional signature certifying that the applicant was a United States citizen. Chernosky did not check any of the boxes or certify that she was a United States citizen. Nevertheless, Minnesota officials registered her to vote, and mailed her a voter registration card, which assigned her a voter number and provided information about her polling place. Chernosky then voted in the 2004 election. As a Canadian citizen, she was not eligible to do so. She also overstayed her visa.

After the government initiated removal proceedings, Chernosky admitted she was removable because she had overstayed her visa, but denied being removable based on her 2004 vote.[1] She also applied for adjustment of status under the Violence Against Women Act (VAWA), alleging abuse by her American ex-husband, but the government denied her application. In the government's view, Chernosky knowingly violated federal and state election laws when she voted, which rendered her inadmissible to the United States and precluded her from obtaining VAWA relief.

In response, Chernosky sought to invoke "entrapment by estoppel," a defense that can be "available to someone who makes complete and accurate representations to a public official and then receives permission from that official, when acting within

---

[1]In this appeal, Chernosky challenges the immigration judge's determination that she is removable based on her 2004 vote. We need not reach that issue, however, because she does not dispute that she is removable based on her overstay.

the scope of his or her authority."[2] Fitzpatrick v. Sessions, 847 F.3d 913, 915 (7th Cir. 2017). In other words, "[w]hen a public official directs a person to perform an act, with assurance that the act is lawful under the circumstances, the person does not act with the intent required for conviction." Kimani v. Holder, 695 F.3d 666, 670 (7th Cir. 2012). According to Chernosky, she did not knowingly vote in violation of any law because Minnesota officials had misled her into believing she could vote when they sent her the voter registration card.

In Minnesota, voters are required to sign a roster certifying, among other things, that they are a United States citizen before they vote in any given election. See Minn. Stat. § 204C.10(a) ("An individual seeking to vote shall sign a polling place roster . . . which states that the individual is . . . a citizen of the United States . . . ."). The 2004 roster from the polling location where Chernosky voted had been destroyed by the time her case was ready for adjudication by the immigration judge. Instead, the government submitted a blank copy of the 2014 version of the roster form that would have been used, and that Chernosky would have been required to sign before she voted. As relevant, the roster includes a disclaimer stating: "I certify that I am at least 18 years of age and a citizen of the United States," and "I understand that giving false information is a felony."

The immigration judge determined that Chernosky was inadmissible because her 2004 vote violated three election laws.[3] More specifically, the immigration judge

[2]At oral argument, the government conceded that entrapment by estoppel applies in immigration proceedings. See Keathley v. Holder, 696 F.3d 644, 646 (7th Cir. 2012) ("[T]he only way to determine whether a person has violated a criminal statute is to examine both the elements of that law and all defenses properly raised."). This court has never decided whether this defense is available in the immigration context, and we need not resolve the issue today.

[3]Those laws were Minn. Stat. § 201.014 (to be eligible to vote, an individual must, inter alia, be a United States citizen; "Any individual who votes who knowingly

found that, at the time she cast her ballot, Chernosky knew she was voting unlawfully "because [the government] has established by clear and convincing evidence that [she] was advised at her polling place that only citizens are eligible to vote." The BIA dismissed Chernosky's administrative appeal, reasoning that the immigration judge's factual finding was not clearly erroneous.

II.

Where, as here, "the BIA adopts the [immigration judge's] decision, but adds reasoning of its own, we review both decisions." Setiadi v. Gonzales, 437 F.3d 710, 713 (8th Cir. 2006). Administrative findings of fact, including credibility determinations, are reviewed for substantial evidence; they are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Ali v. Holder, 686 F.3d 534, 538 (8th Cir. 2012) (quoting 8 U.S.C. § 1252(b)(4)(B)).

As an alien seeking adjustment of status, Chernosky was required to establish her admissibility "clearly and beyond doubt." Hashmi v. Mukasey, 533 F.3d 700, 702 (8th Cir. 2008). To qualify for adjustment of status under VAWA, an alien must show that she meets VAWA's requirements and that she is otherwise admissible to the United States. See 8 U.S.C. § 1255(a). An alien is inadmissible to the United States if, as relevant here, she "has voted in violation of any Federal, State, or local constitutional provision, statute, ordinance, or regulation." 8 U.S.C. § 1182(a)(10)(D)(i).

---

is not eligible to vote is guilty of a felony."); Article 7, Section 1 of the Minnesota Constitution (persons who have not been United States citizens for at least three months are not entitled or permitted to vote in any Minnesota election); and 18 U.S.C. § 611 (making it illegal for any "any alien to vote in any election held," at least in part, to elect candidates for various federal offices).

Chernosky argues that the immigration judge did not consider her entrapment-by-estoppel defense. We disagree. The immigration judge gave due consideration to her entrapment-by-estoppel argument, but ultimately, made a factual finding on that issue that was adverse to Chernosky. The immigration judge explained that, although the government had not produced the 2004 roster from Chernosky's polling location, Minnesota polling places are required by statute to maintain rosters warning potential voters that only United States citizens can vote, and voters are required to sign those rosters. And the immigration judge reasonably determined that this requirement established by clear and convincing evidence that such a roster would have been in place at Chernosky's polling location in 2004 and that she would have been required to sign it before she voted. Therefore, substantial evidence supports the immigration judge's finding that Chernosky knew she was ineligible to vote in the 2004 election and did so anyway. Chernosky has not shown clearly and beyond doubt that she was entitled to an entrapment-by-estoppel defense.

## III.

Accordingly, we deny Chernosky's petition for review.

_____